## No. 20.

### J. LAMORERE VS. E. AVERY.

The Plaintiff's claim being for less, and the Defendant's claim in reconvention for more, than $1000, the Court will not pass upon the former, but will upon the latter.

Although Plaintiff filed no answer to Defendant's reconventional demand, he has the right to offer evidence to disprove it.   Affirming previous Decisions.

Objections to an Account, on the ground that it does not convey the necessary information, go to the effect and not to the admissibility of the evidence.

APPEAL from the First Judicial District Court, parish of Caddo.   Taylor, J.

T. F. Bell for Plaintiff and Appellee.

Hicks & Hicks for Defendant and Appellant.

First—The plaintiff having sued and recovered judgment against the defendant for part of an entire demand, in order to give jurisdiction to the parish court, lost the amount sued for in this case.   C. P. 91, 156 ; 2 R. 207 ; 22 A. 492 ; 25 A. 223-4.

Lamorere vs. Avery.

Second—The plaintiff received, and procured Dillon, Ford, and Soape to sell the whole crop made upon the leased premises, fifty-five bales, confusedly with one hundred and twenty-nine bales of his own cotton, and failed to show the weights and prices of the cotton, and the defendant is entitled to demand the highest prices and heaviest bales, in the lot sold by the plaintiff's factors, or his own uncontradicted estimate of the weight of his cotton, and demand the price of 10½ cents. Story on Agency, secs. 203, 205, 332; 3 L. 557; 3 A. 77; 7 N. S. 708. If the former be adopted, the cotton was worth $3039 85. If the latter, it was worth $3104 04.

Third—The cotton belonged to the defendant—was made upon the leased premises which was in his possession, and under his control, and was made by himself and laborers under a contract of hire for one-half the cotton in lieu of wages. C. C. 2673, 2746; 22 A. 438; 28 A. 643; 14 Johnson, N. Y. Rep. 367.

Fourth—The court erred in overruling the defendant's exceptions to the evidence offered by the plaintiff: First, because the account (T. 30, 31), had no marks identifying the cotton, did not state times or prices of sales, nor weight of bales, and the debits were in gross amounts without items, times of purchase or prices, or to whom the articles were delivered. 6 L. 77; 17 L. 373; 3 R. 365; 20 A. 194; 2 A. 395-6; Story on Agency, secs. 203, 332; 3 L. 557; 3 A. 77. Second, the law *denies* new facts pleaded in compensation, but raises no issue to a demand in compensation by way of reconvention for a surplus. In such case it is a separate and distinct demand, and must be put at issue specially. C. P. 367, 371, 329; 1 L. 266; 2 L. 284; 18 A. 672; 21 A. 272; 6 N. S. 611.

Fifth—If the evidence is admissible it does not, taken in connection with the whole evidence, disprove the defendant's demand, reduce it in amount, or show its extinguishment. The imputation of payments to the rent was made and accepted in the account of date, November 13, 1879 (T. 29), and the plaintiff could not, afterwards, make an imputation unless accepted by the defendant, and until he do accept an imputation of payments; he may demand that his payments be applied to any debt he owed the plaintiff, whatever may have been said between them on the subject. C. C. 2165; 18 A. 545; 2 A. 26, 28; 3 A. 251; C. C. 2163, 2165; 15 A. 527.

---

The opinion of the Court was delivered by

Poché, J. Plaintiff, who was the lessee of Hart's Island plantation, in the parish of Caddo, for the year 1879, subleased to defendant for that year a portion of said plantation for a stipulated sum of $705 per an-

num, and he brings this suit to recover said rent, subject to a credit of $25 33.

In his answer defendant admits the lease, but avers that said lease was only a part of an entire contract, under which the lessor was, in addition, to furnish the lessee and his laborers with supplies necessary to enable them to raise a crop of cotton on the leased premises. That the whole crop thus raised, and amounting to 55 bales, was shipped to and sold by plaintiff for the account of defendant, and realized an amount sufficient to pay his rent, and an additional sum of $550, which plaintiff had paid for account of defendant, and to leave a balance in his favor of $2400 33, which he claims of plaintiff by way of reconvention.

The judgment of the lower court was in favor of plaintiff for the sum of $705, subject to a credit of $25 33, and for costs, and rejected defendant's claim in reconvention, at his costs, and defendant appealed. As the original claim does not exceed one thousand dollars, we have no jurisdiction to revise the judgment of the lower court on that branch of the case, and that part of the judgment must, therefore, remain undisturbed. 3 R. 387 ; 10 R. 438 ; 11 R. 12 ; 17 A. 199.

But, as the amount of the reconventional demand is within our jurisdiction, we have authority to examine and pass upon it.

The record shows that, under an agreement with defendant, plaintiff furnished him and his laborers money and supplies necessary to enable them to make and cultivate their crop of cotton, all of which was consigned to him in separate lots, as soon as gathered and ready for market, and that it was by him sold at varied prices, according to quality and to the fluctuations of the market.

After the defendant had introduced evidence in support of his claim, plaintiff offered to prove by an account, supported by the testimony of his clerk, that he had fully accounted for all the cotton sold by him for account of defendant and his laborers, and that the proceeds of such sales had been applied to the amounts due him for his advances to defendant and to his laborers, who were entitled to one-half of the proceeds, and for whose indebtedness to plaintiff, on account of the supplies furnished to them, defendant had held himself responsible and had obligated himself to consign and deliver to plaintiff the shares of said laborers in the crop. The object of this evidence was to show the invalidity of defendant's claim in reconvention.

Defendant's counsel, in his brief, contends that this evidence was inadmissible on the ground that, plaintiff having filed no answer or other plea to his reconventional demand, there was no issue joined so as to justify the introduction of evidence to prove payment or extinguishment of his claim, which should have been specially pleaded. We find no bill of exceptions or other evidence in the record tending to

show that such objection was made or urged at the trial of the case. But even if it had been objected to at the proper time, the objection was and is untenable in law.

Our system of practice does not admit of replications or rejoinders. C. P. 329. And the law itself supplies a denial to all matters set up by way of compensation or reconvention. To a similar objection urged in a case reported in 3 N. S. 364, Pierce vs. Millar, the Court said : "If that be true, then the defendant should have taken judgment by default, and the cause has been tried without issue joined. This circumstance alone would compel us to remand the cause if we agreed with the counsel of defendant. But we are of a quite different opinion, we think that the *contestatio litis* was well formed by the petition and answer." This rule of practice is no longer open to discussion. 3 L. 100, 23 A. 385, and authorities therein quoted.

By a bill of exceptions retained by him, we are informed that defendant objected to the same evidence, on the ground that the account contained no marks of identification of the cotton, and no mention of its weight, nor of the price and dates of sale, which objection was properly overruled by the district judge, on the ground that the objection went to the effect, and not to the admissibility of the evidence.

The defendant in his testimony denied the correctness of this, and of all other accounts filed in evidence by plaintiff; he denied having contracted with plaintiff for advances to himself or his laborers, and he flatly contradicted the testimony of plaintiff's clerk, who was sworn to support the accounts filed.

But the record shows that he is unable to read, that in his answer he had alleged a contract for supplies, and that in his suits he had confessed judgment on two accounts for supplies furnished him by plaintiff. Under such circumstances we can attach no credit whatever to any of his statements, especially when contradicted by a disinterested witness, who had been the book-keeper of plaintiff, and the custodian of all the accounts bearing upon these transactions.

After a careful perusal of the evidence in the case, we are satisfied that defendant has utterly failed to make out his claim in reconvention, and that the judgment of the district court in rejecting it is just and correct.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court, rejecting defendant's reconventional demand, be affirmed, and that defendant pay all costs incurred by his plea in reconvention in both courts.