182 So. 123

**PITRE v. BURLETT.**

No. 34806.

May 30, 1938.

Alvin F. Higgins, of Gretna, and H. W. & H. M. Robinson, of New Orleans, for appellant.

E. Sharpe Landry, of New Orleans, for appellee.

LAND, Justice.

Plaintiff brought this suit against his wife for a divorce on the ground that they have been living separate and apart for a period of over four years.

In her answer, defendant admitted the separation, and prayed for alimony pendente lite, and for a decree of alimony after the divorce was granted.

The trial Judge rendered judgment decreeing a divorce in favor of plaintiff, but denied defendant's prayer for alimony pendente lite, and also her request for alimony subsequent to the divorce. Defendant has appealed from this judgment.

(1). Plaintiff and defendant were married in the City of New Orleans on or about July 27, 1912, and established the matrimonial domicile there. During this marriage no property was acquired belonging to the community.

Two children were born, both of whom are now above the age of majority.

At the time defendant separated from plaintiff, he gave her seven dollars a week for the children for the two years defendant had them, as testified to by defendant. T. p. 14. Defendant also testified as follows:

"Q. How long is it since Mr. Pitre gave you anything? A. He gave me nothing since I gave his mother the children.

"Q. How long ago is that? A. It is over twenty one years." T. p. 20.

"Q. You have not received any money from Mr. Pitre in the last twenty-one years? A. No.

"Q. And he has taken care of the children in the last twenty-one years? A. Yes." T. p. 21.

During this period of twenty-one years, defendant was living, a part of the time, with her father and mother. Her brother bought the home they had, and she took the money she got from it and started a little grocery store, from which she was receiving, at the date of the trial, from fifteen to eighteen dollars a month. Defendant paid her debts, and also accumulated, during this time, enough money to purchase two houses at a cost of $2000. The house she is living in has four rooms and two kitchens, and the one in the back, rented for eight dollars per month, has four rooms. She states that her brother was helping her "a little bit", but was now sick. Defendant also states that she was operated on last year, but that she has been "feeling pretty good since then". T. pp. 14 and 15.

Defendant has been supporting herself during the last twenty-one years, without any assistance from her husband, and has been able, besides, during that time, to acquire a grocery and two houses.

This evidence did not show such a change in her financial condition, or in her health, as to justify the trial Judge in awarding her alimony pendente lite.

Besides, the evidence in the case shows that the plaintiff, Chief Engineer for Lykes Brothers & Ripley Steamship Company, was laid off, at the time of the trial, for physical disability, due to hernia; that he does not own any property; that he has no bank account; and that he has not accumulated anything. T. pp. 10 and 11.

Under these circumstances, the alimony pendente lite was properly disallowed by the lower court.

(2) Act No. 27 of 1934, Second Extra Session, provided in part:

" * * * that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income."

Defendant admits in her answer that, because of the separation which has existed for a period of over four years, plaintiff is entitled under the law to a divorce. Act No. 31 of 1932.

Defendant, however, alleges in her answer:

"Defendant shows that through the marital misdeeds of plaintiff, and entirely because of his derelictions, she separated from plaintiff on September 3, 1916, and said separation has been since maintained."

When defendant was asked on the witness stand by her attorney what was the cause of the separation, she replied: "Well he was running around with women and I told him I did not want to live that life and I picked up and left him." T. p. 14.

Defendant offered no evidence whatever to prove the alleged "marital misdeeds" and "derelictions" of her husband, who was called for cross-examination under Act No.

126 of 1908 by counsel for defendant, and testified as follows:

"Q. Is it not a fact that the cause of your wife leaving you was due to your going around with other women? A. Absolutely not.

"Q. It is a fact she left you? A. She did.

"Q. I think you said there were some quarrels between you. Were they not from your wife's charges that you were running after other women? A. She said that. If you will tell me how a man can run after women at $1.75 a day and support a wife and two children that is something I would like to learn.

"By the Court:

"Q. Then you deny any marital infidelity on your part? A. I do, Judge.

"By Mr. Robinson:

"Q. Do you know a woman named Leona Harrigan? A. Yes.

"Q. Did you not just before your wife left you tell her before your son you were running with Leona Harrigan? A. Why of course not. That is ridiculous. My son was only a year old then or a year and a half.

"By the Court:

"That would be before a year old child.

"By Mr. Robinson:

"Q. It was three years ago that this supposed conversation in the presence of your son took place. A. Absolutely not.

"Q. You say you did not, three years ago, tell Mrs. Pitre in the presence of your son—

"By Mr. Landry:

"I object. Three years ago is long after the separation.

"By Mr. Robinson:

"I say acknowledgment three years ago is absolutely good.

"Q. Do you know a woman named Clara Handy? A. Yes, she is dead twenty years.

"Q. Were you not out on a boat ride with her the night your baby was born? A. No, the only time I was on a boat ride with her was when my wife was along and it was just a family group." T. pp. 22, 23, and 24.

"End of Testimony."

No evidence in rebuttal was offered.

Defendant has signally failed to prove her allegations against her husband of "marital misdeeds" and "derelictions".

On the other hand, defendant testified as follows on cross-examination by counsel for plaintiff:

"By Mr. Landry:

"Q. Mrs. Pitre, did Mr. Pitre refuse to take care of you while living with you? A. Yes, he provided for me.

"Q. Did he ever beat you or strike you? A. No, he did not.

"Q. Did he ever turn you out of the house? A. No, sir.

"Q. Did he ever tell you to leave? A. No, he did not.

"Q. Then as I gather from you, he was kind to you? A. Yes, he was." T. pp. 19 and 20.

It is therefore clear that the defendant was "not without fault" in separating from her husband, and, under the restrictive terms of Act No. 27 of 1934, Second Extra Session, defendant is not entitled to a decree of alimony after the divorce was granted.

Judgment affirmed.

O'NIELL, C. J., does not take part.

HIGGINS, J., recused.