LE BLANC, Justice.
 

 Plaintiff instituted this suit against his wife asking for an absolute divorce on the ground that they had lived separate and apart for more than two years, as is provided for by the statutes of Louisiana, LS A-R.S. 9:301. The defendant wife promptly filed a rule for alimony pendente lite, and alleging also that she was destitute and did not have cash funds with which to defend the suit, asked that plaintiff deposit a sum necessary to pay costs of court and that he be made to pay the fee of the attorney she had to engage in her defense.
 

 She subsequently filed an answer in which she set forth that the separation between them was not caused through any fault on her part but solely and exclusively as a result of plaintiff having abandoned her from the matrimonial domicile at 1139 Bourbon Street, in the City of New Orleans and having gone to live with his mother in Algiers. Further she avers in her answer that she is destitute and is unable to work and that in view of the fact that the separation between them has been caused solely and exclusively through the fault of her husband she is entitled to permanent alimony which should be fixed by the Court at a sum no less than one-third of his income. She prays accordingly and also asks for judgment against her husband in the sum of $100 for the fee of her attorney.
 

 On trial of the rule there was judgment ordering the plaintiff to pay counsel for de
 
 *779
 
 fendant
 
 $20
 
 for costs of filing her answer and also ordering him to pay defendant alimony at $10 per week pendente lite. After trial on the merits judgment was rendered in favor of plaintiff decreeing a divorce “a vinculo matrimonii” between him and his wife and also ordering him to pay permanent alimony to her in the sum of $10 weekly. Plaintiff has appealed and the only contested issue before this Court is the one which relates to the alimony decreed in the judgment.
 

 A part of Art. 160 of the LSA-C.C. provides “that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart,
 
 and the wife has not been at fault,
 
 then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.” (Italics ours.)
 

 We have before us a case in which the husband has obtained a divorce under the present two year separation law of this State and the wife is asking for alimony under that Article of the Code, claiming that the separation was brought about solely and exclusively by the fault of the husband, from which, of course, the only logical inference-to be drawn is that she was not at fault, or, as is stated in some of the cases, that she was “free from fault.” In referring to permanent alimony in cases of this kind the' Court stated in Hawthorne v. Hawthorne, 214 La. 905, 906, 39 So.2d 338, 339: “Here the element essential for the obtaining of permanent alimony is that the wife must show that she was free from fault and she must prove her allegations with reasonable certainty.” The issue therefore becomes one which is more or less factual and that is the nature of the one we are confronted with in this case.
 

 The testimony reveals a rather ill-mating between a healthy, robust young man, 34 years of age, with an apparently frail woman, according to the trial judge’s statement, and one who, also according to the judge, admitted to being 55 but appeared to him to be “on the winter side of 60”. This was her third venture in matrimony whereas it was the young man’s first.
 

 They acquired no property and had no children. The record does not indicate much happiness in their marriage unless it was that they found some satisfaction in their indulging rather freely in drinking. In' fact the husband attributes the wife’s addiction to drink as the principal reason why he separated from her. He says that she created “a lot of disturbance, wrecked the house, threw shoes and stuff around at him, cursed and abused him”. The wife admits that she drank “a little more than she needed, sometimes,” but that - she never drank unless she went to a friend’s house and her husband was supposed to meet her there. With respect to the drinking we
 
 *781
 
 feel, after reading the testimony, very much as did the trial judge who stated that he was “convinced that both parties were prone to drink and each encouraged or indulged the other.”
 

 Plaintiff produced as a witness, a working associate of his who testified that he saw the defendant drunk when she was alone, in different bar-rooms in the city. Testimony relating to such occasions as took place before defendant was married to plaintiff was ruled inadmissible except as it tended to corroborate similar conduct on her part after the marriage, and no subsequent such conduct was shown to the satisfaction of the trial judge.
 

 With regard to the disturbance which plaintiff complains his wife created at their home and which caused him to leave, he mentions no particular occasion whereas she, in referring to the shoe-throwing incident, testified that he placed his foot out in front of her and tripped her whereupon she threw her bedroom slipper at him. She treated the matter as something trivial or “ridiculous” as she referred to it. Other than that all she knows is that on the day he left her, her husband kissed her goodbye before going to work and told her he was going to his mother’s and would not be home for dinner that evening. She testified that at about 9:30 that night his mother called her to say that her husband was staying at her home because he was' not feeling well. She says she never saw him any more.
 

 An effort was made to show, on her cross-examination, that defendant and her husband fought over financial matters. She freely admitted that they had some arguments or discussions over such matters but no more, apparently, than usually takes place between all married couples. It is-pertinent to observe, in connection with this - part of the testimony, that plaintiff never referred to any arguments between them relating to such matters.
 

 In Felger v. Doty, 217 La. 365, 46 So.2d 300, 301, it is stated that the “fault” mentioned in Art. 160 of the LSA-’ Civil Code, “contemplates conduct or sub-, stantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce.” If it can be said that there was any fault whatever on the part of the wife in this case (which we doubt) it certainly was not of the nature of that contemplated by the arti-. cle of the Code, according to the authority cited, and therefore the district judge was fully justified in awarding her alimony. There seems to be no dispute regarding the amount he allowed.
 

 For the reasons stated the judgment appealed from is affirmed.