120 So.2d 462

**Amson J. ROGERS**

v.

**Leonice LASSEIGNE, wife of Amson J. ROGERS.**

No. 44173.

April 25, 1960.

Rehearing Denied May 31, 1960.

Nathan Greenberg, Gretna, for appellant.

Lazard Levy, Westwego, for defendant-appellee.

SIMON, Justice.

The sole question presented by this appeal is the correctness of a decree of the lower court in awarding alimony.

Amson J. Rogers instituted this suit for an absolute divorce from his wife, Leonice Lasseigne Rogers, on the ground that they had been continuously living separate and apart by mutual agreement for more than two years. This suit was brought under the provisions of LSA–R.S. 9:301 [1].

1. "When married persons have been living separate and apart for a period of two years or more, either party to the marriage contract may sue, in the courts

Defendant filed an answer and reconventional demand in which she admitted the alleged two years' separation without any reconciliation, but averred that the continuous living separate and apart was caused by the outrages of plaintiff without any fault being attributable to her; that her husband drank habitually and to excess; and that the keeping of late hours together with his excessive use of intoxicants rendered their living together intolerable. She prayed that she be awarded alimony for the support of herself and that of her three minor children.

On a rule to show cause why alimony pendente lite should not be awarded, the lower court fixed the amount to be paid at $45 per week for the support and maintenance of the defendant and her minor children. Plaintiff then filed a supplemental and amended petition in which he alleged that the separation resulted entirely from the fault of his wife, her actions and conduct bringing about conditions which made their living together insupportable, and that he was free from any fault whatever. Defendant then filed an answer to the amended petition in which she further alleged that plaintiff was guilty of adultery, without affirmatively naming the time, dates or persons involved.

The district court granted plaintiff's husband a divorce and awarded alimony of $21 per week to the wife and $8 per week for each of her three minor children, or a total of $45 per week. Plaintiff has appealed that feature of the judgment awarding alimony.

Article 160 of the LSA–Civil Code, which authorizes a grant to the wife who has secured a divorce, and which, for all intents and purposes is purely a pension or gratuity, recites in part:

"If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not

of his or her residence within this state, provided such residence shall have been continuous for a period of two years, for an absolute divorce, which shall be

granted on proof of the continuous living separate and apart of the spouses, during the period of two years or more."

exceed one-third of his income * *." Felger v. Doty, 217 La. 365, 46 So.2d 300.

When applying the provisions of this article in cases such as here presented, we have consistently held that the burden of establishing freedom from fault rests upon the wife with the additional requirement that she be in necessitous circumstances. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 and authorities cited therein.

In the Felger case, supra, we have construed the meaning of the word "fault" as employed in LSA–C.C. Article 160, supra, saying:

"Thus, when the bonds of matrimony are dissolved by a judgment of divorce rendered on the grounds that the parties have been living separate and apart for the statutory period, the wife will be denied alimony if she has been at fault. But the word 'fault,' as employed in the quoted codal provision, does not mean merely the wife's engaging in quarrels more or less of a trivial nature; for as said in Armstrong v. Whalen, 161 La. 613, 109 So. 140, such experiences, which momentarily jar and disturb the peace and harmony of matrimony, are not unusual or exceptional as between a husband and his wife. Rather the word 'fault' as so used contemplates conduct or substantial acts of com-

mission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce." [217 La. 365, 46 So.2d 301.]

The question before us then is one of fact: Has the wife sustained the burden of proving that she was without fault?

The husband testified that on the day of the separation his wife threw his clothes out of the house and told him to stay away; that she had on several occasions asked him to leave; and that during the latter years of their married life she had engaged him in numerous quarrels and fault finding with accompanying outbursts of temper, culminating in their separation.

The wife, on the other hand, while admitting she packed her husband's clothes and placed them on the bed, testified that she did so only after she had pleaded with her husband to abstain from daily excessive drinking and his consistent absences from their home, not returning until the late hours. She testified that their quarrels were the result of her husband's habitual intemperance, his obstinate attentions to the opposite sex. Her testimony was substantiated by that of her teen-age son.

Although other witnesses appeared for plaintiff, their testimony produced no substantial evidence of such a nature as not to absolve her from fault.

The trial judge, after hearing the witnesses of both sides, concluded that the wife was free from fault. After a close study of all the evidence within the contemplation of the Codal Articles and our jurisprudence, we are unable to conclude that the district judge manifestly erred in his findings. Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43; Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707.

For the reasons assigned, the judgment appealed from is affirmed; plaintiff to pay all costs of this appeal.

FOURNET, C. J., and HAMLIN, J., absent.