ELLIS, Judge.
Plaintiff husband brought suit for an absolute divorce under LSA-R.S. 9 :301 on the grounds of continuous separation for over two years. In her answer, the defendant wife admitted the separation and reconvened for a divorce in her favor, and requested alimony in accordance with Article 161 of the LSA-Civil Code.
Prior to the trial, defendant wife abandoned the reconventional demand and agreed to confine the question solely as to lier fault in connection with the claim for alimony. Upon trial of the matter, the lower court awarded judgment in favor of plaintiff, granting the divorce, but in favor of defendant allowing alimony at the rate of $15 per week. Plaintiff has appealed from the award of alimony to his wife. Neither party questions the amount of the award of alimony, if allowable.
Article 160 of the LSA-Civil Code provides :
“If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.
“This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage.”
In Felger v. Doty, 1950, 217 La. 365, 46 So.2d 300, 301, the Supreme Court in interpreting Article 160 held :
“Thus, when the bonds of matrimony are dissolved by a judgment of divorce rendered on the ground that the parties have been living separate and apart for the statutory period, the wife will be denied alimony if she has been at fault. But the word ‘fault’ as employed in the quoted codal provision, does not mean merely the wife’s engaging in quarrels more or less of a trivial nature; for, as said in Armstrong v. Whalen, 161 La. 613, 109 So. 140, such experiences, which momentarily jar and disturb the peace and harmony of matrimony, are not unusual or exceptional as between a husband and his wife. Rather, the word ‘fault’ as so used contemplates *927 conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce.”
It is also settled law that the wife carried the burden of establishing that she was without fault. Vicknair v. Johnson, 1959, 237 La. 1032, 112 So.2d 702.
Plaintiff and defendant are Negroes who lived together not legally married for seventeen years and for fourteen years legally married. There is much contradictory testimony, especially surrounding the circumstances of defendant leaving the matrimonial domicile. Plaintiff testified that he had been a good husband, gainfully employed by the I. C. Railroad for many years; always provided for his wife; and that she had abandoned the matrimonial domicile without any cause. Defendant testified that she had been in bad health for many years; that she left the matrimonial domicile because the house was not fit to live in; that she had been locked out of it; and that she had been sent to live with relatives in Gulf-port, Mississippi, because her husband did not want her around. There is testimony in the record that defendant kept the family home, took care of plaintiff’s clothes, and performed all the duties of a wife. Further, there is testimony in the record to contradict defendant’s claims and to the effect that the family home was average tor the neighborhood; that plaintiff had pffered to build defendant a new home; and that it was defendant’s desire to go to Gulfport, Mississippi, to secure medical treatment.
It was admitted by plaintiff that he had been living with another woman since his separation from defendant, and that he had a child by this woman. However, he denied that he had been living with her prior to his separation from defendant.
In August of 1957 defendant left her home and went to live with her sister at Springfield because of the plaintiff’s refusal to give her the key to their home. Plaintiff denied this and was corroborated by Lela Myers to the effect that the door was not locked. However, Lela Myers is the foster mother of Bernice Jones with whom the plaintiff was living. The District Judge was bound to have found that the defendant was without fault in leaving because plaintiff refused to give her the key to the home.
It would serve no useful purpose to go into a minute discussion of the testimony for from an examination of the record as a whole, we cannot say that the trial judge erred in accepting the testimony educed on behalf of the wife as opposed to the evidence of plaintiff. Conclusions of fact of the Trial Judge are entitled to great weight and should not be disturbed upon review in the absence of manifest error, especially when based upon an evaluation of the credibility of opposing witnesses. Olivier v. Abunza, 1954, 226 La. 456, 76 So.2d 528; Jones v. Jones, 1957, 232 La. 102, 93 So.2d 917; Kendrick v. Kendrick, 1958, 236 La. 34, 106 So.2d 707; Vinot v. Vinot, 1960, 239 La. 587, 119 So.2d 474; and Rogers v. Rogers, 1960, 239 La. 877, 120 So.2d 462.
For the reasons assigned the judgment of the District Court is affirmed.
Affirmed.