130 So.2d 811 (1961)
Cliff L. CHAPMAN, Plaintiff and Appellant,
v.
Lillie CHAPMAN, Defendant and Appellee.
No. 263.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1961.
Rehearing Denied June 13, 1961.
*812 Cavanaugh, Hickman, Brame & Holt, by Frank M. Brame, Lake Charles, for plaintiff-appellant.
Nathan A. Cormie, Lake Charles, for defendant-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
HOOD, Judge.
This is an action for divorce instituted by Cliff L. Chapman against his wife, Lillie Chapman, based on allegations that the parties had been living separate and apart for more than two years. LSA-R.S. 9:301. Defendant filed an answer, admitting that she and her husband had been living separate and apart as alleged. She also filed a reconventional demand in which she alleges that she was without fault, and she demands alimony, attorney's fees and a decree recognizing her as owner of one-half of the community estate.
After trial of the case, judgment was rendered by the district court (1) granting the divorce, (2) dissolving the community and recognizing each of the parties as the owner of an undivided one-half of the community property, "subject to the debts contracted prior to February 7, 1958," (3) awarding Mrs. Chapman alimony in the sum of $100 per month, and (4) granting judgment in favor of Mrs. Chapman and against the community for the sum of $500 as attorney's fees. Mr. Chapman, the original plaintiff in the suit, has appealed from that judgment, and Mrs. Chapman has answered the appeal praying that the amount awarded as alimony be increased.
*813 The evidence establishes that the parties to this suit were married on January 21, 1957, and that they have lived separate and apart from each other since February 1, 1958. This suit was instituted on March 10, 1960. Since the parties have lived separate and apart for more than two years, the trial judge correctly decreed an absolute divorce between them.
The trial court also ordered that the community of acquests and gains formerly existing between the parties be dissolved, and decreed that each of the parties be recognized as owners in indivision of an undivided one-half interest in all of the community property, subject to the debts contracted prior to February 7, 1958. (The parties apparently stipulated that the community should be dissolved as of this last mentioned date, being the date on which Mrs. Chapman had previously instituted a separation suit against her husband.) Appellant does not complain of this portion of the trial court's judgment, so it will not be disturbed.
The sole issues presented on this appeal, therefore, relate to the award of alimony and the award of attorney's fees to the wife in response to her reconventional demand.
The evidence shows that both parties had been previously married and that Mr. Chapman was the father of three children, all of whom are issue of a previous marriage. On February 1, 1958, while Mr. and Mrs. Chapman were riding in the latter's car, they became involved in an argument. During the course of this argument, Mrs. Chapman referred to one of Mr. Chapman's children in a derogatory manner, whereupon Mr. Chapman forced his fist against Mrs. Chapman's mouth and made a statement which Mrs. Chapman interpreted as a threat. The evidence shows that although plaintiff did not strike his wife with his fist, he did press it against her mouth with sufficient force to cut her lip and to cause it to bleed. Mrs. Chapman testified that her husband at that time made a statement to the effect that he ought to stop the car and break her neck, while plaintiff testified that he merely said, "Lady, I don't know what I could do with you."
Mrs. Chapman then endeavored to strike or scratch her husband, and thereafter she jumped from the car and ran to a nearby house. The car was moving very slowly at the time Mrs. Chapman jumped from it, and the evidence does not establish that she sustained any injuries in leaving the vehicle. Mr. Chapman stopped the car, went to the same house to which Mrs. Chapman had gone and asked her to return home with him. Mrs. Chapman refused to leave the house, so Mr. Chapman left the car at that address and secured a taxi to take him to his home. After remaining in this house for about 30 minutes, Mrs. Chapman then drove her car to her mother's home in Lake Charles and she has lived with her mother since that date. Mr. Chapman has called her on several occasions by telephone in an effort to persuade her to return to live with him, but she has refused to do so.
On February 7, 1958, or six days after the above described incident occurred, Mrs. Chapman instituted a suit against her husband for separation from bed and board, and that suit was still pending at the time the present action for divorce was filed. At the time the divorce suit came up for trial, counsel for both parties stipulated that all issues that were raised in the separation suit would also be at issue in the suit for divorce, so in view of that stipulation counsel for Mrs. Chapman dismissed the separation suit as of non-suit.
The right of a wife to obtain alimony after divorce is governed by the provisions of Art. 160 of the LSA-Civil Code, which provides:
"If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony *814 which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.
"This alimony shall be revocable in case it should become unnecessary, and in case the wife should contract a second marriage." (Emphasis added.)
In an action for permanent alimony, following the granting of a divorce in favor of the husband on the ground that the parties have been living separate and apart for two years or more, the burden of proving that the wife has not been at fault rests upon the wife. Hawthorne v. Hawthorne, 214 La. 905, 39 So.2d 338; Davieson v. Trapp, 223 La. 776, 66 So.2d 804; Rogers v. Rogers, 239 La. 877, 120 So.2d 462. It also is settled that the word "fault," as employed in LSA-C.C. Art. 160, does not mean merely the wife's engaging in quarrels more or less of a trivial nature, but contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart. Felger v. Doty, 217 La. 365, 46 So.2d 300; Creel v. Creel, 218 La. 382, 49 So.2d 617; Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457; Davieson v. Trapp, supra; Rogers v. Rogers, supra; Richards v. Garth, 223 La. 117, 65 So.2d 109; Vinot v. Vinot, 239 La. 587, 119 So.2d 474.
In Felger v. Doty, supra, the following pertinent language was used by the Supreme Court [217 La. 365, 46 So.2d 301]:
"Thus, when the bonds of matrimony are dissolved by a judgment of divorce rendered on the grounds that the parties have been living separate and apart for the statutory period, the wife will be denied alimony if she has been at fault. But the word `fault' as employed in the quoted codal provision, does not mean merely the wife's engaging in quarrels more or less of a trivial nature; for as said in Armstrong v. Whalen, 161 La. 613, 190 So. 140, such experiences, which momentarily jar and disturb the peace and harmony of matrimony, are not unusual or exceptional as between a husband and his wife. Rather the word `fault' as so used contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce." (Emphasis added.)
In the recent case of Vinot v. Vinot, supra, the court said [239 La. 587, 119 So. 475]:
"* * *. In the instant case it is conceded that it was the wife who left the matrimonial domicile, and therefore she cannot be said to have been free from fault unless she can establish that her husband's treatment of her rendered it unbearable for her to live with him. Richards v. Garth, 223 La. 117, 65 So.2d 109. Where the husband's fault provokes the wife to terminating the marital relationship she is considered to be herself free from fault within the meaning of Article 160 for the purpose of awarding alimony. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707." (Emphasis added.)
Also, in Richards v. Garth, supra, with Chief Justice Fournet as organ of the Court, the Supreme Court said [223 La. 117, 65 So.2d 110]:

*815 "The fact is that the wife left the matrimonial domicile to go to her mother's home in Virginia and never returned, in violation of her marital duties under our civil law which requires that she `live with her husband and * * * follow him wherever he chooses to reside'. Article 120 of the L.S.A. Civil Code. Consequently, she cannot claim to have been free from fault unless she can establish that her husband's treatment of her rendered it unbearable for her to live with him. Pitre v. Burlett, 190 La. 127, 182 So. 123; Alexander v. Jackson, 195 La. 808, 197 So. 510; Lloveras v. Reichert, 197 La. 49, 200 So. 817; Abbott v. Abbott, 199 La. 65, 5 So.2d 504; White v. Broussard, 206 La. 25, 18 So.2d 641; Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43; Reich v. Grieff, 214 La. 673, 38 So.2d 381; Felger v. Doty, 217 La. 365, 46 So.2d 300; and Creel v. Creel, 218 La. 382, 49 So.2d 617.
* * * * * *
"In arguing before this court that we should not follow in the footsteps of the trial judge in championing the feelings and rights of the husband, counsel for appellant overlooks the fact that the wife is the one who breached the marital contract by deserting her husband and that it was incumbent upon her to prove, by a preponderance of the evidence, that her departure from the matrimonial domicile was for just cause. * * *" (Emphasis added.)
It has been established that the wife is not entitled to alimony in cases of this kind if both parties are at fault in causing the separation. In Hawthorne v. Hawthorne, supra, for instance, the Supreme Court said [214 La. 905, 39 So.2d 339]:
"* * *. Here the element essential for the obtaining of permanent alimony is that the wife must show that she was free from fault and she must prove her allegations with reasonable certainty. The evidence fails to support her contention. The trial judge found that both parties were at fault in causing the separation. The record bears out his findings and we, therefore, conclude that permanent alimony was properly refused." (Emphasis added.)
As a basis for her claim that she was not at fault, Mrs. Chapman alleges in her reconventional demand that:
"12.
"Since petitioner's marriage to the defendant, he has constantly and continuously accused petitioner of acts of infidelity, on many occasions throughout the marriage, defendant has cursed, beated and threatened to kill petitioner.
"13.
"Although petitioner cannot recall all specific times of defendant's cruelty, she does recall the occasion in November, 1957, when defendant became enraged, accused petitioner of acts of adultery, cursing and calling petitioner vile and offensive names whereon he began choking petitioner about the neck.
"14.
"On February 1, 1958, petitioner and defendant were riding in an automobile on Prien Lake Road and defendant began a tirade directed against petitioner, calling her vile names and accusing her of acts of adultery, whereon he struck her in the mouth, cutting her lips and causing bruises, threatening petitioner to the point that she was forced to jump from the automobile and flee for her safety, whereon after her escape petitioner went to the home of her mother where she has since remained, and petitioner has not returned to the marital domicile or defendant."
At the trial, plaintiff in presenting his case in chief produced evidence solely to *816 establish that the parties had been living separate and apart for two years or more, and he then rested his case. Defendant, Mrs. Chapman, having admitted the separation and continuous living apart, thereupon produced evidence to establish the facts alleged in her reconventional demand. In attempting to prove that she was without fault, however, she limited her testimony and that of other witnesses called by her to the one incident which is alleged to have occurred on February 1, 1958. Neither she, nor any of the witnesses called by her, testified on direct examination as to the incident which is alleged to have occurred in November, 1957, or as to acts committed at any other time, although on cross-examination Mrs. Chapman was questioned and testified as to the November, 1957, incident. After Mrs. Chapman, as plaintiff-in-reconvention, rested her case, counsel for defendant-in-reconvention then attempted to introduce evidence relating to the incident which allegedly occurred in November, 1957, and as to other matters which transpired prior to the date of the separation. Counsel for Mrs. Chapman thereupon objected to the introduction of any evidence by defendant-in-reconvention pertaining to the question of whether the wife was at fault, other than rebuttal evidence relating specifically to the one incident which occurred on February 1, 1958. These objections were sustained by the trial court and evidence as to other such incidents was excluded. In sustaining these objections the trial judge ruled that Mr. Chapman at that stage of the trial was limited to rebuttal evidence, and that since Mrs. Chapman, as plaintiff-in-reconvention, had not previously touched upon the 1957 occurrence, or any other incident tending to show that she was without fault except the one which occurred on February 1, 1958, then the defendant-in-reconvention was limited to testimony which would tend to rebut that evidence. Even though Mrs. Chapman had alleged, and on cross-examination had testified as to, an altercation between herself and her husband which occurred in November, 1957, the trial judge ruled that Mr. Chapman was not permitted to testify or to produce any evidence relating to that altercation.
Counsel for plaintiff contends that the trial court erred in refusing to permit him to introduce evidence as to incidents which occurred prior to February 1, 1958, and particularly as to the altercation which is alleged to have occurred in November, 1957. He contends that by that evidence he will be able to establish that Mrs. Chapman was not free from fault, within the meaning of LSA-C.C. Art. 160.
This case was tried before the effective date of the Louisiana Code of Civil Procedure. The law at that time provided that when a defendant in his answer alleges new facts these facts are considered as being denied by the plaintiff, and replication or rejoinder is not admitted. Art. 329, Code of Practice. Also, the jurisprudence at that time was settled to the effect that although a plaintiff cannot file pleadings in answer to a reconventional demand included in a defendant's answer, plaintiff has the right to offer any relevant evidence which may be available to him to disprove the allegations of the reconventional demand. Lamorere v. Avery, 32 La.Ann. 1008; Loew's, Inc. v. Don George, Inc., 227 La. 127, 78 So.2d 534; Johnson v. Wilson, 239 La. 390, 118 So.2d 450.
In view of the above authorities, we conclude that Mr. Chapman, as defendant-in-reconvention, was not required to file an answer or replication to the reconventional demand of Mrs. Chapman, and that upon the trial of the case he should have been permitted to introduce any legally admissible and relevant evidence to disprove the allegations contained in the reconventional demand, and that he was not limited to merely rebutting the evidence presented by Mrs. Chapman in support of her reconventional demand.
It may be appropriate to mention here that counsel for Mr. Chapman also endeavored to introduce evidence relating to prior marriages of Mrs. Chapman, and to *817 incidents which may have occurred prior to her marriage to plaintiff, which evidence clearly was not admissible and was propperly excluded.
Considering only the evidence which was presented in this case, we are unable to say that the trial court erred in holding that the wife was not at fault. It is conceivable, however, that if Mr. Chapman, the defendant-in-reconvention, had been permitted to introduce evidence as to other acts committed by the parties after his marriage to plaintiff-in-reconvention, he may have been able to disprove his wife's claim that she was without fault. He may have been able to show, for instance, that the incident which occurred on February 1, 1958, was not the sole or proximate cause of the separation and continuous living apart, but that instead the conduct or acts of his wife on other occasions were proximate or contributing causes of such separation, or that both parties were at fault. See Hawthorne v. Hawthorne, supra.
Since we find that the trial court erred in refusing to permit Mr. Chapman to introduce some of the evidence which he sought to produce, particularly with reference to other incidents which occurred or acts committed by Mrs. Chapman after their marriage, we think the case should be remanded to the trial court in order to permit the introduction by either or both parties of such additional evidence as may be relevant and legally admissible, in accordance with the views herein expressed. See C.P. Art. 906; LSA-C.C.P. Art. 2164, Comment (c); Lavergne v. Indemnity Ins. Co., La.App. 1 Cir., 84 So.2d 617. In so holding, we of course, do not mean to say that all of the evidence offered by defendant-in-reconvention is admissible. In fact, we have shown that some of the proof so offered is not relevant and was properly excluded. We do hold, however, that Mrs. Chapman, as defendant-in-reconvention, is entitled to produce any evidence which is legally admissible and relevant tending to disprove the allegations contained in the reconventional demand, even though he did not file pleadings specifically alleging those facts, and even though plaintiff-in-reconvention did not produce evidence as to those facts in presenting her case in chief.
The trial court rendered judgment "in favor of Mrs. Lillie Chapman and against the community of acquets and gains in the full sum of $500.00 as her attorney's fees, payable out of the community existing between the parties." Appellant, Mr. Chapman, contends that the court erred in awarding attorney's fees, because no evidence was presented to show that there was any community property. Appellant is correct in his contention that attorney's fees are payable only out of the community assets, and that there is no liability on the part of the husband separately. Tanner v. Tanner, 229 La. 399, 86 So.2d 80; Franks v. Franks, 236 La. 122, 107 So.2d 415. The judgment rendered in this case, however, properly decrees that the amount awarded as attorney's fees is to be payable only out of the community existing between the parties. If it should develop that there are no community assets, as counsel for appellant contends, then there will simply be no funds or assets with which to pay the amount awarded. We find no error in this portion of the judgment rendered by the trial court.
For the reasons herein set out, that portion of the judgment of the trial court which condemns Cliff L. Chapman to pay unto Mrs. Lillie Chapman alimony in the sum of $100 per month is reversed, and the case is remanded to the district court for additional proceedings consistent with the views herein expressed. In all other respects the judgment of the trial court is affirmed. The appellant is condemned to pay the costs of this appeal.
Affirmed in part; reversed in part; and remanded.

On Application for Rehearing.
En Banc. Rehearing denied.
SAVOY, J., recused.