142 So.2d 423 (1962)
Faye B. MOREAU, Plaintiff and Appellee,
v.
Teska J. MOREAU, Defendant and Appellant.
No. 572.
Court of Appeal of Louisiana, Third Circuit.
June 13, 1962.
*424 Ben C. Bennett, Jr., Marksville, for defendant-appellant.
Eugene N. Scallan, Marksville, for plaintiff-appellee.
Before FRUGÉ, SAVOY and HOOD, JJ.
HOOD, Judge.
The defendant in this suit, Teska J. Moreau, has appealed from a judgment rendered by the district court in favor of the plaintiff, Mrs. Faye Blue Moreau, decreeing an absolute divorce between them, granting to Mrs. Moreau the custody of their minor child, and condemning the appellant to pay to Mrs. Moreau a sum of money each month for her support and for the support of the minor child. Mrs. Moreau, the plaintiff-appellee, has answered the appeal demanding that the award of alimony and support be increased.
The record shows that on November 6, 1961, Mrs. Moreau instituted this suit in Avoyelles Parish (bearing Docket No. 22059) against her husband for judgment decreeing an absolute divorce between them, awarding to her the custody of their minor child, Terry Jean Moreau, and condemning the defendant husband to pay alimony and support. As a basis for her demand for an absolute divorce, plaintiff alleged that she and defendant have been living separate and apart for more than two years. Mr. Moreau, the defendant, filed an answer and a reconventional demand, in which he admits that the parties have been living separate and apart for more than two years, but he alleges facts tending to show that his wife is unfit to care for the child. He prays that judgment be rendered in his favor decreeing an absolute divorce, and that judgment further be rendered granting unto him the custody of the minor child.
On November 7, 1961, or the day after the above mentioned suit was instituted, Mr. Moreau filed a separate suit against his wife in the same parish (bearing Docket No. 22062) in which he demands judgment in his favor decreeing an absolute divorce between the parties and awarding him the custody of the minor child. In that suit he alleges that he and his wife have been living separate and apart for more than two years, and he also alleges facts tending to show unfitness on the part of the mother. Mrs. Moreau filed an answer in that suit, in which she denies all of the averments relating to her alleged unfitness, and she prays that her husband's suit be dismissed and that she be granted the relief prayed for in her original suit.
Pursuant to a stipulation of counsel, the two suits were consolidated for trial, and in connection therewith the court in its written reasons for judgment stated that "* * * the second suit was treated by the court as a reconventional demand by the defendant husband in the first suit." Following a trial of these consolidated cases, a judgment was rendered in favor of plaintiff in this suit, Faye Blue Moreau, and against defendant, Teska J. Moreau, granting an absolute divorce between the parties, awarding the custody of the minor *425 child to the mother, and condemning the defendant, Teska J. Moreau, to pay unto plaintiff the sum of $250.00 per month for her support and for the support of the minor child.
Although only one decree was read and signed in these consolidated cases, it is apparent from the record that in the first suit (bearing Docket No. 22059) judgment was rendered in favor of plaintiff and against defendant, granting plaintiff the relief which she sought and rejecting the defendant's reconventional demands; and that in the second suit (bearing Docket No. 22062) judgment was rendered in favor of the defendant, Mrs. Moreau, rejecting plaintiff's demands.
Mr. Moreau, the defendant in this suit, contends that the trial court erred (1) in granting custody of the minor child to the mother, (2) in granting alimony to Mrs. Moreau for her own support, and (3) in awarding an excessive amount of alimony and support for the mother and child. With reference to this last assignment of error, Mr. Moreau contends that if he should be condemned to pay any alimony or support at all, the amount awarded should be reduced to the sum of $125.00 per month. Mrs. Moreau has answered the appeal praying that the amount awarded as alimony and support be increased to the sum of $450.00 per month.
The evidence shows that the parties to this action were married on August 23, 1953, and that as a result of that union, one child, Terry Jean Moreau, was born. The parties have lived separate and apart continuously since February 5, 1959, which constitutes a period of more than two years prior to the time the present suits were instituted, and the trial court correctly rendered judgment decreeing an absolute divorce between them. LSA-R.S. 9:301.
The first important issue presented on this appeal is whether the trial court erred in awarding the custody of the minor child, Terry Jean Moreau, to the mother. The evidence shows that the child was seven years of age at the time the suit was filed, and that she has been living with and has been cared for by her mother continuously since she was born. The parties to this suit have experienced marital difficulties for a number of years, and because of these difficulties they have lived separate and apart from each other for periods of time prior to the last separation which occurred on February 5, 1959. During all of these separations, however, the child has remained with the mother.
Mrs. Moreau was married twice before her marriage to the defendant, and she has a son and a daughter by her former marriages. The daughter, whose name is Bonnie Blue, was almost 18 years of age at the time of the trial, and this daughter also is living with plaintiff and her youngest child, Terry Jean. The evidence shows that both of these children are healthy and are being well cared for by plaintiff.
The jurisprudence of this State is settled to the effect that in cases involving the custody of children the primary concern of the court is the welfare and best interest of the children, and that it is generally to the best interest of young children that the mother be awarded their custody unless she is shown to be morally or otherwise unfit, or unless she is incapable of giving them proper care and guidance. Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Sampagnaro v. Sampagnaro, 222 La. 597, 63 So.2d 11; Pepiton v. Pepiton, 222 La. 784, 64 So.2d 3; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321; Cannon v. Cannon, 225 La. 874, 74 So.2d 147; Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532; and Messner v. Messner, 240 La. 252, 122 So.2d 90.
Although each party to this suit has alleged and has endeavored to produce proof tending to show that the other is unfit to have the custody of the child, the real issue relates to the fitness of the mother because she is entitled to the custody unless it is established that she is unfit or *426 that it is to the best interest of the child that custody be awarded to someone else. In our opinion the evidence in this case fails to show that Mrs. Moreau is unfit, morally or otherwise, or that she is incapable or unable to care for her minor daughter. The trial court in its written reasons for judgment stated that, "There is no evidence in this case to indicate that the child would be better off if the custody would be changed at this time, so the court will grant the custody to the mother." In view of the evidence presented here, we think the trial court correctly decreed that the child should remain in the custody of the mother, Mrs. Moreau.
Mr. Moreau contends that his wife is not entitled to an award of alimony because she has failed to establish that she was not at least partly at fault in bringing about the prolonged separation between them. To support his position in that respect, he relies on Article 160 of the LSA-Civil Code, the pertinent portion of which provides that:
"* * * in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income."
In our opinion this article of the Civil Code is not applicable, because in this case the husband, Mr. Moreau, did not obtain the divorce. The divorce was obtained by the wife, she having instituted suit for the relief which was granted and the decree having been rendered in her favor. Under those circumstances, therefore, it is not necessary for her to establish that she was free from fault.
It is argued, however, that the husband did obtain the divorce in this case, since Mr. Moreau, by means of a reconventional demand in this suit and by a separate suit which was consolidated for trial with this one, has also prayed for judgment decreeing an absolute divorce between the parties. We think there is no merit to that argument. Assuming, however, that the defendant husband did obtain the divorce in this case and that Article 160 of the LSA-Civil Code applies, we think the evidence establishes that the wife was without fault. In reaching that conclusion we have considered the established jurisprudence of this State to the effect that in an action for permanent alimony, following the granting of a divorce in favor of the husband on the ground that the parties have been living separate and apart for two years or more, the burden of proving that the wife has not been at fault rests upon the wife. Hawthorne v. Hawthorne, 214 La. 905, 39 So.2d 338; Davieson v. Trapp, 223 La. 776, 66 So.2d 804; Rogers v. Rogers, 239 La. 877, 120 So.2d 462; and Chapman v. Chapman, La.App. 3 Cir., 130 So.2d 811.
The word "fault," as used in Article 160 of the LSA-Civil Code, contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart. Felger v. Doty, 217 La. 365, 46 So.2d 300; Chapman v. Chapman, supra, and cases cited therein.
In the instant suit we think the evidence establishes that there have been no acts of commission or omission on the part of Mrs. Moreau, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart. Since Mrs. Moreau was without fault, as that term is used in LSA-C.C. Article 160, therefore, she is entitled to alimony even *427 if it should be held that the divorce was obtained by her husband.
Appellant contends, finally, that the award of alimony and support is excessive. The evidence establishes that Mrs. Moreau needs more than $250.00 per month for the support of herself and her minor child, Terry Jean Moreau, but the proof is conflicting and vague as to Mr. Moreau's earnings or his ability to pay more than that amount. The trial judge concluded that the defendant was able to pay the sum of $250.00 per month as alimony and support, but that the evidence fails to establish that he can pay more than that amount. We are unable to say that he erred in reaching that conclusion. For that reason we feel that the award of alimony should be affirmed.
For the reasons herein set out, the judgment of the district court is affirmed. All costs of this appeal are assessed to defendant-appellant.
Affirmed.