SAVOY, Judge.
Plaintiff filed a suit against his wife for a divorce on the ground that they had been living separate and apart for a period in excess of two years. The wife admitted that the parties had been separated for more than two years. She then filed a reconventional demand asking for alimony, and also alleged she was not at fault in the divorce proceeding.
After a trial on the merits, the district judge granted plaintiff a divorce against his wife, but allowed her alimony at the rate of $80.00 per month. In his written reasons for judgment, the district judge stated that the wife was not at fault in the divorce proceeding so as to preclude her from recovering alimony under the provisions of LSA-C.C. Article 160.
Plaintiff appealed from this ruling, complaining that the record does not reflect that the wife was not at fault; and, consequently, the trial court erred in allowing her alimony.
LSA-C.C. Article 160 states:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
“1. The wife obtains a divorce;
“2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
“3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
“This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.”
The jurisprudence of this State is that in an action for permanent alimony following the granting of a divorce in favor of the husband on the grounds that the parties have been living separate and apart for a period of two years, the burden of proving that the wife has not been at fault is on her. Moreau v. Moreau, (La.App., 3 Cir., 1962), 142 So.2d 423, and cases cited therein.
*460 In the Moreau case, supra, the Court said :
"The word 'fault,’ as used in Article 160 of the LSA-Civil Code, contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart. Felger v. Doty, 217 La. 365, 46 So.2d 300; Chapman v. Chapman, supra [La.App., 130 So.2d 811], and cases cited therein.”
The record in the instant case reflects that the parties had married in 1941, and separated in 1962. It was also shown that they had been having minor marital problems for several years prior to their separation. Plaintiff testified that he was waiting for the daughter born of the union between the parties to marry before he and his wife separated.
In this case, the evidence establishes that there were no acts on the part of the wife which were violative of her marital duties and responsibilities which constituted a contributing or proximate cause of the separation and continuous living apart. We agree with the trial judge that the wife was without fault and was entitled to alimony under the express provisions of LSA-C.C. Article 160.
Plaintiff was ordered to pay his wife alimony at the rate of $80.00 per month. His take home pay was approximately $250.00 per month. The award appears reasonable, and we will not disturb it. The wife did not have any income and lived in a home built on land belonging to her family. The home was not completed, and her relatives were making improvements at the time of the trial.
For the reasons assigned, the judgment of the district court is affirmed. Appellant to pay costs incurred in this Court.
Affirmed.