SAMUEL, Judge.
This is an appeal by the husband from a judgment awarding his wife permanent alimony in the sum of $120 per month following a divorce granted in his favor on the ground of living separate and apart for a period of two years.[1]
*706 In this court appellant contends:
1) The wife was not free of fault and thus is not entitled to alimony;
2) Alternatively, the continuation of $120 per month pendente lite as the sum awarded for permanent alimony is in error.
On the question of fault, the husband testified:
On June 19, 1975 he left home following an argument with his wife over turning off a television set. She threw him and his clothes out and demanded the key to the house. They have been married 18 years and it has been a marriage of constant bickering. She is always fighting with someone and making her husband the scapegoat. Over the past few years her housekeeping has deteriorated and on at least one or two evenings per week she doesn’t make dinner for him. The parties occupy separate bedrooms and had sexual relations infrequently.
The husband’s witness (his sister’s husband) testified only that he knew the parties had separate bedrooms and that over a period of 18 years he never saw the husband’s wife accompany him to ladies functions with the VFW.
The wife’s testimony is that the argument immediately preceding her husband’s leaving was caused by his packing to go to a convention and refusing to take her along. He left on his own accord. She asked for his keys because she didn’t want him returning in the middle of the night and frightening her. She had gone to a few conventions with him when invited, but he didn’t invite her often.
She has been employed as a teacher full time during the marriage until she retired due to a heart condition. Her husband gave her very little money for household expenses while they were living together and she had paid her own way during most of the marriage.
As this court observed in Adler v. Adler, La.App., 239 So.2d 494, on the question of alimony under C.C. Art. 160:
“The jurisprudence under the article is well settled. The wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707; Oliver v. Abunza, 226 La. 456, 76 So.2d 528; Chapman v. Chapman, La.App., 130 So.2d 811. To constitute fault within the meaning of Article 160, the wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation rather than a justifiable or natural response to initial fault on the part of the husband. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702; Kendrick v. Kendrick, supra; Davieson v. Trapp, 223 La. 776, 66 So.2d 804; Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457; Felger v. Doty, 217 La. 365, 46 So.2d 300; Hawthorne v. Hawthorne, 214 La. 905, 39 So.2d 338; Chapman v. Chapman, supra; Davidson v. Jenkins, La.App., 216 So.2d 682; Smith v. Smith, La.App., 216 So.2d 391; Reynolds v. Reynolds, La.App., 228 So.2d 182. And the wife bears the burden of proving with reasonable certainty both the fact that she was free from fault and the fact that she has not sufficient means for her support. Vicknair v. Vicknair, supra; Richards v. Garth, 223 La. 117, 65 So.2d 109; Hawthorne v. Hawthorne, supra; Davidson v. Jenkins, supra; Gradney v. Gradney, La.App., 191 So.2d 161; Calloway v. Calloway, La.App., 139 So.2d 55; Chapman v. Chapman, supra; Primus v. Primus, La.App., 129 So.2d 925; Lyles v. Lyles, La.App., 126 So.2d 859.”
On the basis of the evidence adduced at the trial, we agree that the record does not support a finding of serious misconduct on the part of the wife sufficient to deprive her of alimony.
In connection with alimony, the wife listed her monthly needs as follows:
*707 Rent.'.$210.00
Insurance. 42.65
Food. 100.00
Telephone. 20.00
Clothing. 25.00
Cleaning. 10.00
Medical. 47.58
Automobile Insurance . 28.00
Gasoline . 40.00
Entertainment. 25.00
Bank Charges. 8.00
Miscellaneous. 10.00
Dues and Periodicals . 5.00
Total .$566.23.
She has a pension of $200 per month ($229 gross). Her work as a substitute teacher is limited to 140 days over a two year period. The work is not steady. She was to receive $87.50 per month on a note payable to herself and her husband but the husband had refused to deliver these funds to her for 26 months, despite a court order to do so.
She had earned approximately $400 as a substitute teacher until the end of February, 1978, but was precluded by school regulation from working further through July, 1978. Her husband complains of her financial ability to take European trips but she testified her son (a doctor) gave her money to go and also that she had a summer position as a tour director whereby all of her expenses (except meals) were paid as her compensation.
The husband is employed as a purchasing agent for a large shipyard. He earns $18,-000 per year. He also works for the Board of Jury Commissioners with earnings of $3,270 the previous year and $50 per month car allowance. He had not prepared a current list of his expenses but stated after paying all of his expenses he had $400 per month left.
Civil Code Article 160 provides:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of' the husband, alimony which shall not exceed one-third of his income.” LSA-C.C. Art. 160.
We find the wife’s listed monthly expenses to be reasonable. Even after deducting therefrom those expenses not payable under Civil Code Article 160 (as distinguished from alimony pendente lite under Civil Code Article 148),[2] we find no abuse of discretion on the part of the trial judge in setting the amount of permanent alimony at $120 per month.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Initially, the wife filed for separation on the ground of abandonment; the husband reconvened for separation on the ground of cruel treatment. Alimony pendente lite in the sum *706 of $120 per month was granted to the wife. The separation suit was never tried and the husband later filed a supplemental and amended petition for divorce.

. See Bernhardt v. Bernhardt, La., 283 So.2d 226, and Meyers v. Meyers, La.App., 344 So.2d 451.