(109 So. 140)

No. 26135.

**ARMSTRONG v. WHALEN.**

(May 31, 1926.)

*(Syllabus by Editorial Staff.)*

1. Divorce ⊙⟿130—Evidence held not to sustain charges of husband's cruel treatment entitling wife to separation.

Evidence in wife's suit for separation from bed and board *held* not to sustain charges that husband slapped wife, accused her of infidelity, or was otherwise guilty of cruel treatment, entitling wife to relief.

2. Divorce ⊙⟿49(2).

Husband's act in slapping wife was condoned by her continuing to live with him for six months thereafter.

Appeal from Civil District Court, Parish of Orleans; Wm. H. Byrnes, Judge.

Suit by Mrs. Antoinette Carmelia Armstrong, wife of Clayton Alphonse Whalen, against Clayton Alphonse Whalen, for separation from bed and board. From a judgment rejecting her demand, plaintiff appeals. Affirmed.

Sanders, Baldwin, Viosca & Haspel, of New Orleans, for appellant.

Lazarus, Weil & Lazarus, of New Orleans, for appellee.

THOMPSON, J. The plaintiff and defendant were married in this city, October 27, 1920.

They lived at the home of the wife's mother for a year and a few days, when they separated, and the husband returned to the home of his mother.

Two and a half months after the separation this suit for a separation from bed and board was filed by the wife, charging the husband with cruel treatment of such a nature as to render their living together as husband and wife insupportable.

The acts which it is alleged constituted cruel treatment may be stated substantially as follows:

That beginning shortly after the marriage the husband began to quarrel, fuss, and nag at the plaintiff without cause; that he found fault with plaintiff and her relatives without cause; that he accused plaintiff of making and keeping dates with other men and of being unfaithful to her marriage vows; that such charges were made in a rough, ungentlemanly, and abusive way, so as to hurt her feelings in the presence of others; that

finally in a violent temper he cursed and abused her, packed up his clothes and left, deserted, and abandoned her; that she was pregnant at the time and became violently ill, necessitating confinement to bed and medical treatment.

In the supplemental petition filed some three months after the original petition and after the answer was filed, the plaintiff further charged that the defendant on one occasion about six month before their separation slapped her in the face in the presence of relations and strangers.

The defendant in answer denies the acts of cruelty imputed to him, and specially denies that he at any time accused his wife of being unfaithful to her marriage vows. He alleges that the allegation made against him was made for the deliberate purpose of distorting the truth and was inspired by persons inimical to him and who had interfered with him and his wife and who had been the cause of the breach between them.

He specially denied that he had ever slapped or struck his wife in anger or in any violent manner.

He further avers that he and his wife sought to live with his wife's parents, but shortly after moving there his wife's mother interfered in matters solely affecting and concerning them to such an extent that it finally became impossible for him to tolerate the conditions surrounding his home life, and it became apparent that unless they left the home of his wife's parents the affection of his wife would soon be weaned from him; that he pleaded with his wife to leave with him and to establish for themselves their own home, but that his wife refused, and his mother-in-law so grossly abused and insulted him that it was impossible for him to longer live under her roof.

The district judge, after hearing the evidence, rejected the demand of the plaintiff, and she has appealed.

[1] We have given to the pleadings and the evidence a very careful consideration and are frank to say that the plaintiff has not made out her case.

There would seem to be no doubt from the evidence of the members of the plaintiff's family that there were at times some broils and quarrels more or less of a trivial nature, which momentarily jarred and disturbed the peace and harmony between the young married couple.

Such experiences, however, are not unusual nor exceptional between husband and wife, even those of more mature age than the couple here appear to have been. Especially may such disagreements, fusses, and wordy combats be expected to occur during the earlier stages of the matrimonial journey, and they are not unfrequently accentuated and magnified when, as in this case, the mother-in-law intervenes and takes the part of her daughter.

That the quarrels which may have occurred between these two young people as related in the evidence were not of a serious nature and of sufficient significance to amount to cruel treatment, within the meaning of the statute, we entertain no doubt.

[2] The evidence as to the defendant slapping his wife in the face is so vague, uncertain, and improbable as to require but little notice.

The occurrence is said to have taken place in the dining room while the family was enjoying the evening meal. The father, mother, and brother of the plaintiff were at the table, as was also a young man who boarded with the family. None of these witnesses testified that the defendant was in anger at the time. There had been no quarrel immediately preceding the alleged slapping, and nothing whatever is suggested that could have provoked such an assault from the husband. It is admitted that the incident, if it happened, did not cause any commotion or ex-

citement and no way interrupted the progress of the dinner. No resentment, either by word or act, was offered by the father, mother, or brother of the plaintiff, nor did the appearance of either indicate any displeasure at seeing their daughter and sister slapped as they say in the face. If the incident occurred, it was never mentioned or recalled until some three months after the original petition was filed.

But even were it true, the plaintiff condoned the act by continuing to live in the relation of wife to the defendant for six months after the event is said to have occurred.

There is not the slightest foundation for the charge that the defendant had accused his wife of infidelity.

The preponderance of the evidence and the conduct of the husband after the separation effectually and conclusively rebut any such charge.

The defendant after he had left the home of his wife's parents continued personally and by letter to entreat and to plead with his wife to return to him and to join with him in setting up a home of their own. We may here quote a part of his letter:

"The entreaties that I have made I am positive now and positively have known all ~these months that you are the same sweet loving girl that you were when we were married and that in you there are qualities that would make a wife equal to the most deserving man that lives."

In addition to the earnest pleadings of the husband, other friends of the family intervened and tried to persuade the wife to resume her marital relations with her husband, all without effect.

In view of all of which we say that it is impossible for the judicial mind to be induced to believe that the husband had ever charged his wife with having dates with other men or of being unfaithful to him.

We conclude that the plaintiff has not established such a case as would justify the court in decreeing a separation from bed and board.

The judgment appealed from is therefore affirmed.