PONDER, Justice.
 

 Edward Louis Jones brought suit against his wife, Mary Frizard Jones, for a divorce under the provisions of Act 430 of 1938. He alleged in his petition that the defendant abandoned the matrimonial domicile without cause, and that he and the defendant have lived separate and apart for more than two years. The defendant, in her answer, admitted that she and the plaintiff have lived separate and apart for more than two years but denied that the separation was caused through her fault. She alleged that she was forced to leave the matrimonial domicile because of her husband’s cruel treatment. By way of reconvention, she asked for judgment of divorce, permanent alimony at the rate of $13.50 per week, and attorney’s fees in the sum of $300, which she had agreed to pay her counsel for representing her in these proceedings. Upon trial, the lower court gave judgment of final divorce in favor of the plaintiff, condemning the plaintiff to pay the defendant $30' per month alimony, and condemning the plaintiff to pay the attorney for the defendant $125 as attorney’s fees. The plaintiff has appealed from the judgment only insofar as the alimony and attorney’s fees are concerned. The defendant answered the appeal, asking for the judgment to be amended by increasing the amount of alimony allowed her from $30 per month to $13.50 per week, and that the amount of the attorney’s fees be increased from $125 to $300.
 

 The testimony in this case, while somewhat conflicting, supports the wife’s contention that the separation was not brought about by her fault but by the fault of the plaintiff. It is unnecessary to review the testimony with respect to the various disputes between the husband and wife, for the reason that the separation was caused by the last dispute between them. This dispute arose over an inconsequential matter and resulted in the plaintiff’s slapping the defendant. The testimony of the plaintiff is to the effect that the dispute was not brought about through his fault but through the fault of the defendant. He denied slapping the defendant. The defendant testified that the plaintiff provoked the dispute and became so enraged that he choked and slapped her. The testimony of the defendant is corroborated by another witness. The testimony of this witness, who lived next door to the plaintiff and the defendant, is to the effect that she heard the defendant screaming and saying, “he is choking me.” She also testified that shortly thereafter she saw marks on the face and neck of the de
 
 *916
 
 fendant. The testimony shows that the defendant called in a policeman, but no arrests were made. Under the circumstances in this case, we do not feel disposed to disturb the findings of the trial court that the defendant was not at fault.
 

 From the testimony, it appears that the plaintiff is receiving wages of about $50 per week. Out of this amount, he has to pay room rent, board, laundry, and automobile expenses and union dues, necessary to his employment, in the following amounts: room rent, $20 per month; meals, $36 per month; union dues, approximately, $20 per month; automobile expenses, approximately, $24 per month.
 

 The testimony shows that the defendant is living with her parents and pays $9 per month rent; about $2 per month for lights and gas; $.65 per week for insurance premiums, and $5 per week for iood.
 

 The defendant received from the plaintiff $7 per week for her support under an order of the Juvenile Court for a period beginning shortly after the separation until the judgment was rendered in these proceedings. The trial court has allowed approximately the same amount, namely, $30 per month, as permanent alimony.
 

 Under the provisions of Article 160 of the Revised Civil Code, as amended by Act 247 of 1916, Act 21 of 1928, and Act 27 of 1934, 2d Ex.Sess., where the husband has obtained a divorce upon the ground that the married persons have been living separate and apart for a certain specified time, the court may allow the wife alimony, not to exceed % of the husband’s income, if the wife has not been at fault.
 

 The allowance of permanent alimony, as well as the amount to be allowed, provided it does not exceed % of the husband’s income, rests in the discretion of the trial court. From our examination of the record, it does not appear that the trial judge has abused his discretion in respect thereto. Shipp v. Shipp, 183 La. 1025, 165 So. 189; Abbott v. Abbott, 199 La. 65, 5 So. 2d 504.
 

 The only testimony with respect to the attorney’s fees is that of the defendant. She testified that she had agreed to pay her attorney $300 for representing her in this suit, but has, as yet, paid him no part of this amount. She asked that the plaintiff be condemned to pay her attorney $300 or whatever amount'might be deemed reasonable.
 

 In the absence of any testimony showing the value of the services rendered by the attorney, we will not disturb the amount fixed by the trial court, Shipp v. Shipp, supra. However, the judgment should be amended to allow the defendant the attorney’s fees instead of ordering them to be paid to the attorney. The attorne}' is not a party to the suit, and that part of the judgment ordering the fees to be paid to the attorney is erroneous.
 

 For the reasons assigned, the judgment is amended so as to order the plaintiff to pay to the defendant $125 as attorney’s fees. As thus amended, the judgment is affirmed at appellant’s cost.