HAMITER, Justice.
 

 Plaintiff instituted this divorce suit against his wife on April 26, 1948, praying for a judgment dissolving their marriage. As a ground therefor he alleged a continuous living separate and apart since July 5, 1945'.
 

 Answering, the wife admitted the alleged separation and that there had been no reconciliation. Further, she averred that the continuous living separate and apart was caused entirely by the actions of plaintiff. She prayed for a judgment awarding her alimony and attorney’s fees.
 

 After a trial the district judge, as shown by his assigned written reasons, concluded that the separation had endured for more than two years and that the defendant was without fault in causing it. Whereupon, he granted a divorce in favor of plaintiff, but condemned him to pay unto defendant alimony, pursuant to the provisions of Civil Code Article 160, of $140 per month and also attorney’s fees of $150.
 

 Plaintiff appealed suspensively and devolutively from that part of the judgment which awarded alimony and attorney’s fees. Since appealing, however, he has abandoned his opposition to the award of attorney’s fees. Hence, there remains for our consideration only the question of' whether the defendant is entitled to alimony (the amount allowed is not disputed).
 

 Civil Code Article 160, which authorizes an allowance to a wife on divorce, recites in part: “If the wife who has obtained the divorce has not sufficient means for her maintenance, the court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this state a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained ■a divorce upon the ground of such living-separate and apart, and the wife has not been at fault, then the court may allow the -wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.”
 

 Thus, when the 'bonds of matrimony are dissolved by a judgment of divorce rendered on the ground that the parties have been living separate and apart for the
 
 *373
 
 statutory period, the wife will be denied .alimony if she has been at fault. But the word “fault”, as employed in the quoted codal provision, does not mean merely the wife’s engaging in quarrels more or less of a trivial nature; for, as said in Armstrong v. Whalen, 161 La. 613, 109 So. 140, such experiences, which momentarily jar and disturb the peace and harmony of matrimony, are not unusual or exceptional as between a husband and his wife. Rather, the word “fault” as so used •contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties •and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce.
 

 With this interpretation in mind we have carefully examined the evidence in the record. It discloses that the litigants were married in Memphis, Tennessee, on October 14, 1924. Of the union two sons were bom, their ages at the time of the institution of this action in 1948 being 21 and 19 years, respectively. In 1925 plaintiff and defendant moved to Louisiana, ■establishing a domicile in Alexandria and living there until 1942. Since the latter year they have resided in New Orleans.
 

 In November, 1943, the parties became separated; but they lived apart then only some three or four months, a reconciliation having been effected. The continuous separation upon which the instant action is predicated commenced July 5, 1945.
 

 Plaintiff alleged in the petition, and he so testified, that he left the defendant because he could no longer withstand her cruelty toward him, it consisting of constant nagging, quarreling, and bickering, of innumerable false accusations of his paying attentions to other women, and of physical violence inflicted on him.
 

 Defendant admitted having struck plaintiff on one occasion, that being in 1943, preceding the first separation and subsequent reconciliation; but, according to her testimony and that of her sister-in-law, she was acting then in self defense. They testified that plaintiff, after having been censured for his tardiness in arriving home from a dinner party (5:00 A.M. o’clock), became violently abusive and that defendant, to protect herself, hit him with a brass candlestick. The record discloses no other physical blows inflicted by defendant.
 

 As to the remaining charges that defendant constantly nagged, quarreled with and made false accusations against him, plaintiff’s testimony is rather general and indefinite. Respecting it the following is an example:
 

 “Q. Was there anything else in the last year and four or five months since the reconciliation of February 4, 1944, that made you or had anything to do with your leaving on July 5, 1945? A. Well, there were numerous arguments most every
 
 *375
 
 night when I would come home, about things that I knew nothing about, accusations I had done this, that or something else I knew nothing about; and I don’t know as I can put my finger on exact dates.
 

 “Q.
 
 Can you be
 
 specific about any of these accusations you are talking about, besides those already mentioned ? A. Oh, I remember one night that I got home about 45 minutes late from the office, I was accused of meeting some woman at a honkeytonk joint, and so forth; and the facts of the case was we had had a flat tire coming home — just anything to start an argument.”
 

 Defendant denied that she nagged plaintiff; however, she admitted that occasionally she quarreled with him about his flirtations with other women, specific instances of which she recounted. Further, she described 'certain attacks made on 'her by plaintiff during the five years, preceding the final separation. Plaintiff conceded his striking of defendant at times, but he sought to justify his acts as follows: “I don’t deny maybe I had been pretty rough sometimes, but you know when a man gets his back up against the wall and has to take this stuff year in and year out, day in and day out, you kind of get fed up on it; and at times I may not have acted the part of a gentleman; but that is only natural and one of those things that happen.”
 

 Plaintiff did not complain that his wife failed to provide a suitable home for the family or that she was a bad housekeeper. Nor does it appear that he could make such a complaint justifiably, for the evidence shows conclusively that she was an excellent housekeeper, and that both in Alexandria and New Orleans her homes were perfectly kept notwithstanding that on several occasions she was compelled to and did engage in outside work in order to assist with the family finances. Furthermore, the 'homes were always open to and often availed of by plaintiff’s friends and business associates.
 

 The factual situation here is very similar to that in Martin v. Martin, 191 La. 761, 186 So. 94, 97. There, with reference to the husband’s charges of constant nagging and in support of the holding that the wife was not at fault in causing the separation, this court commented: “The attempt of the husband, by going back over the eleven years of his married life, to show that his wife was at fault in ‘nagging and fussing’ with 'him to the extent of making his life unbearable, is unimpressive. At all times he used these general terms and could never give any idea of the time when ‘the nagging and fussing’ were supposed to have happened. The two specific occasions referred to when she is said to-have raised a disturbance about his drinking intoxicating liquors was fixed by him about one year before the separation and by 'his two witnesses, probably three or four years before it occurred. These two incidents certainly would not justify him
 
 *377
 
 in abandoning his wife, after staying with her for such a long period of time after they happened, and especially is this true when he and his own witnesses admitted that for several weeks prior to the separation the parties lived together peacefully ■and quietly.”
 

 In the instant case, after a close study ■of all of the evidence, we are unable to conclude that the district judge manifestly ■erred in his finding that defendant was free of fault within the contemplation and meaning of Civil Code Article 160.
 

 For the reasons assigned the judgment •appealed from is affirmed.
 

 MOISE, J., absent.