107 So.2d 415

Edgar Louis FRANKS

v.

Mrs. Edna GLORY, Wife of Edgar Louis FRANKS.

No. 44009.

Dec. 15, 1958.

Simon & Wicker, New Orleans, for plaintiff-appellant.

Lloyd C. Melancon, Edmond E. Talbot, Jr., New Orleans, for defendant-appellee.

PONDER, Justice.

The plaintiff was granted a divorce on the ground of having lived separate and apart from the defendant for two years, and the defendant, wife, was granted alimony in the amount of $33 per week and awarded $100 for attorney's fees. The plaintiff has appealed from the judgment only insofar as it awarded alimony and attorney's fees. The defendant answered the appeal asking for an increase in attorney's fees.

The appeal presents three questions: (1) whether or not the wife was at fault; (2) whether the award of alimony should be reduced; and (3) whether attorney's fees were properly allowed.

The testimony on the issue of who was at fault is that of the parties to the suit and their son.

The appellant contends that the cause of the separation between him and his wife was accusations made on the part of the wife that he was unfaithful to her. He testified that she had made these accusations without ground over a period of some forty years, the entire duration of their marriage.

He also contends that he was forced to sell his house because of the wife's insistence and to divide the proceeds derived therefrom.

█ It appears from the testimony in the record that the cause of the separation was as much the fault of the husband as it was the fault of the wife. The son's testimony is to the effect that his father and mother were prone to quarrel over trivialities and that neither party was entirely to blame for the disagreements. The testimony regarding the sale of the house and the division of the proceeds indicates that it was a mutual agreement on the part of both parties.

Regarding the question of fault in suits of this nature, this Court in the case of Felger v. Doty, 217 La. 365, 368, 46 So.2d 300, 301, had this to say:

"Thus, when the bonds of matrimony are dissolved by a judgment of divorce rendered on the ground that the parties have been living separate and apart for the statutory period, the wife will be denied alimony if she has been at fault. But the word 'fault', as employed in the quoted codal provision, does not mean merely the wife's engaging in quarrels more or less of a trivial nature; for, as said in Armstrong v. Whalen, 161 La. 613, 109 So. 140, such experiences, which momentarily jar and disturb the peace and harmony of matrimony, are not unusual or exceptional as between a husband and his wife. Rather, the word 'fault' as so used contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce."

The appellant contends that the award of alimony is excessive and should be reduced because the appellee is living with her son and caring for his children, whose mother was killed in an automobile accident. The appellee is fifty-seven years old and is without funds since her part of the money derived from the sale of the house has already been expended for her support. The appellant earns $468 per month take home pay.

█ The fact that the appellee is living with her son and caring for his children is not to be considered in fixing alimony to be awarded. Lester v. Lester, 160 La. 708, 107 So. 499. We cannot say that the award is excessive.

█ Attorney's fees were improperly awarded in this case. It is conceded by both parties that at the time the divorce suit was filed that there was no community property. Such being the case, the appellant cannot be condemned to pay attorney's fees to the appellee. Tanner v. Tanner, on rehearing, 229 La. 399, 86 So.2d 80.

For the reasons assigned, the judgment of the lower court is amended so as to reject the award for attorney's fees and, as thus amended, it is affirmed at appellant's cost.

TATE, J., concurs in part and dissents from the refusal to award attorney's fees.

SIMON, J., recused.

TATE, Justice (concurring in part and dissenting in part).

I respectfully dissent from the opinion of the majority, insofar as it disallows the award of attorney's fees to the wife, who was granted alimony for her support in accordance with her prayer.

Citing Tanner v. Tanner, 229 La. 399, 86 So.2d 80, attorney's fees were disallowed herein on the ground that at the time the divorce suit was filed there was no community property. I respectfully suggest that the Tanner case, although containing some expressions which might be construed to favor such a conclusion, is actually authority only for its holding that the community is regarded as dissolved as of the date of judgment of separation, rather than as of the date the petition was filed, and that *for this reason* the wife's attorney's fees incurred *after* the filing of the petition were a community liability.

The Tanner case, however, also specifically recognized the jurisprudence following Benedict v. Holmes, 104 La. 528, 29 So.

256, and Gosserand v. Monteleone, 159 La. 316, 105 So. 356, 42 A.L.R. 310, to the effect "that the wife's right to employ counsel in her suit for separation or divorce was a barren one, and she was practically without remedy, if her attorney's fees could not be charged against the community", 229 La. 407, 86 So.2d 83. By the same reasoning, the right of an impecunious wife to obtain alimony for her support when rightfully due under LSA–Civil Code, Article 160 is a barren remedy unless she is entitled to recognition of her attorney's fees for obtaining such alimony as a community obligation incident to dissolution of the community. See, e. g., Jones v. Jones, 200 La. 911, 9 So.2d 227; Martin v. Martin, 191 La. 761, 186 So. 94. Otherwise, the impecunious wife who has not means enough even for her own maintenance and is thus entitled to alimony if she is without fault, Art. 160, must permit her husband's suit against her on the ground of two year's separation to go by default, unless she can obtain an attorney who will devote his services without charge to secure recognition of her legal right to support.

Thus, if these attorney's fees are indeed a community obligation, the fact that there are no community assets with which to pay them is immaterial. The marriage partners are "equally liable for their share of the debts contracted during the marriage, and not acquitted at the time of its dissolution". LSA–Civil Code, Article 2409. (The wife,

however, has the privilege of exonerating herself from the debts contracted during the marriage by renouncing the partnership or community of gains. LSA–Civil Code, Articles 2410, 2411.)

The husband is no less liable for an unpaid attorney's fee incurred during the existence of the community than he is for an unpaid grocery bill. The fact that he has no assets with which to pay community liabilities may render him judgment proof, but it does not destroy his liability to acquit these community debts.

For the foregoing reasons, I respectfully dissent.