GLADNEY, Judge.
This appeal is presented by Eldridge Thomas Shockley from a judgment granting unto his wife, Olive Brannon Shockley, a separation “a mensa et thoro” and is expressly limited to that portion of the decree awarding attorney’s fees. Before this court counsel for appellant argues the commission of error: (1) in that the petition of the wife failed to allege the existence of any community property from which attorney’s fees could be paid; (2) in that the decree was so phrased as to provide for direct payment to the attorney of the fee allowed by the court; and (3) in that the effect of the decree is to render judgment against appellant personally, separate and apart from his restricted liability as head and master of the community estate.
Our review, limited as it is, involves a judgment rendered by default, which, inter alia, contains a provision for the payment of alimony, the amount of which was objected to by the husband, who filed a pleading in the nature of an opposition. Therein he described his financial condition with respect to his current obligations and earnings as a Master Sergeant of the United States Air Force, and indicated the existence of such community assets as an automobile, personal property and a home. Reference to plaintiff’s petition discloses that petitioner alleged that it was necessary for her to engage the services of an attorney at law to institute and prosecute the proceedings in her behalf, and that the reasonable value of his services was $250.-00, which amount “the defendant should be required to pay, or that it be taxed against the community.” The portion of the judgment from which the appeal was taken prescribes: “that defendant pay to Henri Loridans the Two Hundred ($200.00) Dollars attorney fee incurred by petitioner for services rendered in these proceedings.”
We are concerned primarily with the form in which the portion of the judgment under review was cast. The argument of appellant’s counsel predicated on the two assignments of error first enumerated may readily be disposed of. The record contains the husband’s judicial admission as to the existence of a community estate, which evidence, in our opinion, obviates any necessity for the plaintiff wife to specifically allege an accumulation of community property. The objection leveled at the phraseology of the decree providing for direct payment to the attorney of the fee allowed by the court, may have some merit. We will not belabor the point for the technical error may easily be resolved by our reformation of the decree.
 It is well established in our jurisprudence that the fees of an attorney for the wife in a separation or divorce proceeding are payable only out of community assets and there is no liability on the part of the husband except as head and master of the community of acquets and gains. *66 Parker, Seale & Kelton v. Messina, 214 La. 203, 36 So.2d 724 (1948); Glorioso v. Glorioso, 223 La. 357, 65 So.2d 794 (1953); Tanner v. Tanner, 229 La. 399, 86 So.2d 80 (1955); Franks v. Franks, 236 La. 122, 107 So.2d 415 (1958); and Chapman v. Chapman, La.App., 130 So.2d 811 (3rd Cir.1961). Some references are made to the court rulings in the cases cited. The Mes-sina case brought by the wife’s attorneys against the defendant husband involved an action based on quantum meruit for legal fees rendered in favor of defendant’s wife in her unsuccessful suit for separation from bed and board. In affirming a judgment of the trial court in favor of the attorneys the court quoted with approval the now uniformly accepted rule that where the wife is successful in a separation or divorce action, she is entitled to a judgment against her husband for reasonable attorney’s fees, but if she is not successful and the community of acquets and gains is not dissolved, the attorney for the wife has a cause of action for such fees against the husband as head and master of the community upon a quantum meruit for services rendered. The Supreme Court, however, in Glorioso v. Glorioso held that even though the wife had been successful in obtaining a judgment of separation from bed and board, her husband was not to be held liable for her attorney’s fees in view of the fact that there was no community property. Therein the court affirmed the ruling that in cases where a wife obtains a judgment of divorce or separation from bed and board, her attorney’s fee is a community debt, and when the community has been dissolved the attorney’s fee is payable out of it. There appears this final comment: “However, there was no personal liability on the part of the husband for this debt other than as head and master of the community, which is now dissolved. It is evident that the judge in the instant case was of the opinion that there was no community property and, hence, no liability for the attorney’s fee.” A similar ruling was made in Franks v. Franks, wherein it was conceded by both parties that at the time the divorce suit was filed there was no community property. Tanner v. Tanner settled our jurisprudence as to the liability of the community for attorney’s fees incurred by the wife in prosecuting a suit for separation of bed and board or divorce, and declared the obligation to be that of the community whether she is successful in the proceeding or not. If successful, she is entitled to a judgment for her attorney’s fees in the same suit which pronounces the separation or divorce, and if she is unsuccessful, her attorney can recover on a quantum meruit basis the fee from her husband, as head and master of the community, since the wife is legally incapable of obtaining a judgment therefor against her husband during the existence of the community. The judgment rendered in Chapman v. Chapman in favor of the wife against the community of acquets and gains provided for attorney’s fees “payable out of the community existing between the parties.” The husband appealed, contending the court erred in awarding attorney’s fees because no evidence was presented to show that there was any community property. The appellate court conceded the correctness of counsel’s contention that attorney’s fees are payable only out of the community assets and there is no liability on the part of the husband separately, but pointed out that the judgment properly decreed the amount awarded as attorney’s fees was expressly made payable only out of the community existing between the parties, and should it develop that there were no community assets, then there would simply be no funds or assets from which to pay the amount awarded. Accordingly, that portion of the judgment allowing attorney’s fees was affirmed. In our opinion the ruling in Chapman v. Chapman is apposite to the question at hand as it sanctions a judgment for attorney’s fees in favor of the wife, payable out of the community estate.
For the foregoing reasons the judgment is amended to provide judgment in favor of Olive Brannon Shockley against Eldridge Thomas Shockley for the sum of Two *67 Hundred ($200.00) Dollars as attorney’s fees payable out of the community of ac-quets and gains existing between the parties. -Appellant is taxed with costs of this appeal.