150 So.2d 772 (1963)
Elisabeth Fineberg SACHSE
v.
Victor A. SACHSE, III.
No. 5680.
Court of Appeal of Louisiana, First Circuit.
January 18, 1963.
*773 Watson, Blanche, Wilson, Posner & Thibaut by Harvey H. Posner, Baton Rouge, for appellant.
Durrett, Hardin, Hunter, Dameron & Fritchie, by Calvin E. Hardin, Jr., Paul M. Hebert, Maurice J. Wilson, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
LANDRY, Judge.
This action (a suit for divorce on the ground of two years voluntary separation, alimony and custody of a minor child), instituted by plaintiff, Elisabeth Fineberg Sachse, wife, against her husband, Victor A. Sachse, III, defendant, is the fifth of a series of legal proceedings and counter proceedings between the litigants at bar.
In the instant case, judgment was rendered October 7, 1960, in favor of plaintiff, Elisabeth Fineberg Sachse, granting her an absolute divorce from defendant, Victor A. Sachse, III, care, custody and control of the minor, Victor Edward Sachse, issue of the marriage, and alimony in the sum of $150.00 monthly for the maintenance and support of said minor. Plaintiff's claim for alimony for her own support and maintenance was rejected. Defendant was granted visitation privileges consisting of the right to have the child away from plaintiff's residence on each week end from 5:00 o'clock P.M., Saturday to 6:00 P.M. on Sunday, and, for a period of one week during summer as well as the right of visitation at plaintiff's residence at other reasonable times. In addition, the learned trial judge prohibited plaintiff's removal of the child from the jurisdiction of the court for a period of more than ninety-six hours without prior approval of the court. Plaintiff has appealed and defendant has answered plaintiff's appeal.
Plaintiff-appellant maintains the lower court erred in: (1) Permitting defendant to file in evidence in this proceeding the records and testimony in the four previous actions; (2) Rejecting plaintiff's claim for alimony; and (3) Prescribing the aforesaid limitation upon plaintiff's right to remove the child from the custody of the court after having awarded plaintiff permanent care, custody and control of said minor.
On the other hand, defendant-appellee answered plaintiff's appeal maintaining the lower court erred in rejecting and denying his prayer for custody of the minor child of the marriage. In this regard defendant contends that plaintiff, by virtue of certain alleged personality deficiencies, is not a proper person to be entrusted care, custody and control of a two and one-half year old male child (the approximate age of the child at the time of rendition of the judgment herein appealedthe child being presently four and one-half years old). Defendant further contends that the pleadings, records and testimony in the four previous *774 suits between these same parties were admissible in the instant proceeding for the purpose of showing (1) Plaintiff's alleged fault in causing the separation on which the present action for divorce is predicated considering plaintiff must establish freedom from fault as a condition precedent to her right to alimony; and (2) Plaintiff is not a proper person to be entrusted care, custody and control of the minor child born of the marriage.
A better understanding of the issues presented herein will be afforded by a brief resume of the legal maneuvering between plaintiff and defendant preceding institution of the present action for divorce.
Plaintiff and defendant were married February 19, 1956. The only issue of the marriage, a son, Victor Edward Sachse, was born February 4, 1958. On September 23, 1958, plaintiff, Elisabeth Fineberg Sachse, instituted suit in the Family Court, East Baton Rouge Parish, against defendant, for separation from bed and board on the grounds of abandonment and cruelty, contending primarily that defendant abandoned her August 8, 1958, on which date he allegedly left the matrimonial domicile taking the young child (then approximately six months of age) with him and refusing to return said child to her. Defendant answered said action for separation praying for its dismissal and, alternatively, for custody of the child. On March 18, 1959, following a lengthy trial which consumed approximately twenty trial days and resulted in compilation of a transcript of testimony of more than 2300 pages, judgment was rendered dismissing plaintiff's said suit for separation on the ground of mutual fault. From this judgment of dismissal plaintiff herein, Elisabeth Fineberg Sachse, took an appeal to the Supreme Court of this state. Meanwhile, however, after having heard approximately 50 hours of testimony in the aforesaid suit for separation, the trial court, on December 2, 1958, rendered an interlocutory judgment granting plaintiff herein provisional custody of the minor child pending said action. From this provisional order of custody defendant made application to the Supreme Court for supervisory writs which application was denied December 11, 1958. Upon completion of the aforesaid lengthy trial, the trial court, in anticipation of an appeal from its judgment rejecting plaintiff's claim for separation, rendered judgment granting plaintiff custody of the minor child pending the outcome of said separation action.
One year following defendant's alleged abandonment of plaintiff, namely, August 8, 1959, plaintiff's appeal from the judgment rejecting her aforesaid action for separation was still pending before the Supreme Court. August 8 and 9, 1959, however, fell on Saturday and Sunday, respectively. The next day, August 10, 1959, both husband and wife filed actions for judicial separation on the ground the parties had voluntarily lived separate and apart for more than one year. The husband's suit was served first and on his exception of lis pendens, plaintiff's suit was dismissed. In defendant's aforementioned suit for separation, judgment was rendered February 4, 1960, decreeing the requested judicial separation, granting plaintiff herein (the wife) custody of the child and awarding alimony for the wife and child in the sum of $150.00 monthly each. Neither party appealed said judgment. The judgment of separation in favor of present defendant, having rendered moot plaintiff's appeal from the judgment rejecting her initial suit for separation based on abandonment and cruelty, plaintiff dismissed her said appeal on April 8, 1960.
Subsequently, on August 8, 1960, both husband and wife filed suit in the court below praying for an absolute divorce on the ground the parties had voluntarily remained separate and apart continuously for a period of more than two years. This time, however, service of process in the wife's suit (the cause presently before us on appeal) was accomplished first and defendant's suit dismissed on present plaintiff's exception of lis pendens.
We are not here concerned with the rights of either litigant to a divorce. The *775 voluntary separation of these parties for more than two years is not only conceded but conclusively established by the evidence of record.
Plaintiff's contention that the trial court improperly permitted the records and testimony in the previous trials to be introduced in evidence herein is predicated solely upon the proposition that plaintiff's alleged fault in causing the separation is not and cannot be an issue in the instant cause. More specifically, learned counsel for plaintiff contends that under the express provisions of Article 160, LSA-R.C.C. the only instance in which the alleged fault of the wife is material and relevant quoad alimony upon final divorce is when the husband obtains the divorce on grounds of two years separation. From the foregoing learned counsel for plaintiff reasons that since plaintiff instituted the present suit and obtained the divorce she is entitled to alimony as a matter of right, irrespective of fault, upon the mere establishment of her necessitous circumstances and, consequently, her alleged fault is immaterial and irrelevant. It is conceded by worthy counsel for plaintiff that if plaintiff's alleged fault is material and relevant to the issue of alimony that the question is to be decided upon the testimony taken in the prior trials.
Article 160, LSA-R.C.C., as amended by Act 21 of 1928, presently reads as follows:
"Art. 160. Wife's alimony after divorce
"Art. 160. If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income; provided, however, that in cases where, under the laws of this State a divorce is granted solely on the ground that the married persons have been living separate and apart for a certain specified period of time, and the husband has obtained a divorce upon the ground of such living separate and apart, and the wife has not been at fault, then the Court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income. * * *"
Prior to the aforesaid 1928 amendment, Article 160, R.C.C., as incorporated into our Revised Civil Code of 1870 provided:
"If the wife who has obtained the divorce has not sufficient means for her maintenance, the Court may allow her in its discretion, out of the property of her husband, alimony which shall not exceed one-third of his income."
It must be recalled that at the time of adoption of our civil code of 1870, our law contained no provisions for divorce predicated upon voluntary separation of spouses for a specified period of time. Article 160 of the Revised Civil Code of 1870, was, from the beginning, interpreted as providing the wife a pension or gratuity since there was no obligation on the part of the husband to support his former wife after dissolution of the marriage by absolute divorce. State ex rel. Hill v. Judge, 114 La. 44, 38 So. 14. This, of course, has been distinguished from alimony pendente lite, which has always been categorized as judicial enforcement of the husband's obligation to support his wife during the existence of the marriage. LSA-C.C. Art. 148, Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169.
The code of 1870 conditioned the wife's right to alimony following divorce upon her being the successful litigant in the divorce action which in itself implied her freedom from fault. Since the incorporation of Article 160 into the Code of 1870 the courts have consistently and uniformly held that the wife's right to alimony upon final divorce is predicated upon the existence of two basic factors, namely, the wife being in necessitous circumstances and her being without fault in causing the divorce. In this regard the principle that where the wife has obtained the divorce (except where *776 fault is not at issue), her freedom from fault is implicit in the fact that she was the successful litigant and consequently is not required to establish freedom from fault is well set forth in an excellent history of the law appearing in August v. Blache, 200 La. 1029, 9 So.2d 402, from which we hereinafter quote at some length.
Pursuant to Article 160 of the Code of 1870, the jurisprudence uniformly holds that if the husband obtains the divorce, the wife is not entitled to alimony. This is, of course, in keeping with the principle that the wife must be free of fault, for prior to enactment of the 1916 act constituting voluntary separation ground for divorce irrespective of fault, divorce was obtainable only for fault or cause. From this, it follows that prior to 1916, a divorce obtained by the husband was at least by implication predicated upon the fault of the wife. Under the law as it existed prior to passage of Act 269 of 1916, LSA-R.S. 9:301, the right of the faultless wife to alimony was fully protected as were those of the husband who was without blame.
However, with the advent of Act 269 of 1916, and the subsequent acts amendatory thereof voluntary separation for a period of two years (notwithstanding fault on the part of one or both parties) has been made an additional ground for absolute divorce under our laws. It is not open to question that separation of the spouses for the time specified (now two years) entitles either to absolute divorce and that in such a proceeding fault (insofar as it concerns the right to the divorce) is not and cannot be made an issue. The mere showing of voluntary separation for the time required gives the absolute and unqualified right to divorce irrespective of whether either or both spouses are at fault. In addition, suit for divorce on such grounds does not necessarily imply fault to either husband or wife. In such instances both parties simultaneously acquire equal, concurrent and coexisting right to file for final divorce. With respect to the divorce itself, neither possesses rights superior to the other notwithstanding one may be solely at fault in causing the separation. Under such circumstances, to hold as learned counsel for plaintiff urges is to make the payment of alimony dependent not upon the wife's freedom from fault but upon the speed and dispatch with which suit is filed following the elapse of the necessary period of separation. If it were otherwise, the blameless husband, if sued by the wife solely at fault, is nevertheless cast for alimony. We cannot conceive that the legislature intended the husband without fault must be the first to institute action for divorce under penalty of forfeiture of his rights regarding payment of alimony. The law, in our opinion, does not require the innocent husband, who is not desirous of obtaining a divorce, to nevertheless sue for dissolution of the marriage as an alternative to an otherwise disadvantageous position with respect to his wife's claim for support. To so hold, in our judgment, relegates the question of alimony to the ignominious classification of a foot race to the courthouse.
The problems created for the wife pursuant to the passage of Act 269 of 1916, and acts amendatory thereof, were recognized in August v. Blache, 200 La. 1029, 9 So.2d 402, wherein we find the history of the statute outlined by Judge O'Niell, organ of the court, as follows:
"* * * Article 160 of the Civil Code, before it was amended by Act 21 of 1928, did not authorize the court to allow alimony to the wife in a case where a judgment of divorce was rendered against her. The court had authority to allow alimony only in cases where the divorce was granted to the wife. At that time there was no law allowing a divorce on the ground that the husband and wife had been living separate and apart for a stated period. The first statute allowing a divorce on that ground was Act 269 of 1916; which provided that, when a married couple had lived separate and apart for *777 seven years or more, either party might sue for and obtain a divorce on that ground alone and without regard for the question as to whose fault caused the separation. In the case of North v. North, 164 La. 293, 113 So. 852, decided in 1927, it was observed that there was no provision in Article 160 of the Civil Code allowing the wife alimony in a case where the husband obtained a divorce on the ground of seven years' separation, even though the wife was not at fault in the matter of the separation. Therefore, the Legislature, at its next session, adopted Act 21 of 1928, amending Article 160 of the Civil Code by adding this proviso:
"`Provided, however, that in cases where the husband has obtained judgment of divorce on the ground that the married persons have been living separate and apart for a period of seven years or more, and the wife has not been at fault, then the court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.'
"By Act 31 of 1932, the Legislature amended Act 269 of 1916, by reducing the period of separation from seven years to four years. In the case of Blakely v. Magnon, 180 La. 464, 156 So. 466, decided in July, 1934, the husband sued for a divorce under Act 31 of 1932, on the ground that he and his wife had been living separate and apart for the period of four years. Answering the suit the wife averred that she was not at fault in the matter of the separation, and hence should be allowed alimony under the provisions of Article 160 of the Civil Code as amended by Act 21 of 1928. But the court observed that the amendment of Article 160 of the Civil Code by Act 21 of 1928 had reference only to a case where the husband obtained the divorce on the ground of seven years separation, under the provisions of Act 269 of 1916; that that act was superseded by Act 21 of 1928, which reduced the period of separation from seven to four years; and that there was no authority in Article 160 of the Civil Code for allowing the wife alimony in a case where her husband obtained the divorce on the ground of four years' separation. This hiatus in the law was corrected by the Legislature at its next session, in November, 1934, by Act 27 of the Second Extra Session of that year, by substituting, for the phrase `for a period of seven years or more', the phrase `for a certain specified period of time'. That phrase is applicable now to a divorce obtained on the ground that the husband and wife have been living separate and apart for a period of two years or more, under the provisions of Act 430 of 1938, by which Act 269 of 1916, as amended by Act 31 of 1932, was amended again, so as to reduce the necessary period of separation from four to two years."
In the August case, supra, the court was confronted with the question of whether a wife who obtained judgment of separation from bed and board was required to show freedom from fault in order to claim alimony in the suit of her husband for final divorce a year and sixty days later. The Supreme Court held Article 160, LSA-R.C.C. inapplicable to such a case and further found that by virtue of Act 25 of 1898, as amended by Act 56 of 1932 (presently LSA-R.S. 9:302), the rights of the wife who obtained the judicial separation were fully protected quoad the issue of alimony following the divorce obtained by her husband. In this regard we note the following language appearing in the August case, supra:
"The reason was that the obtaining of the judgment of separation from bed and board by the wife carried the implication that the separation was not *778 caused by her fault; and the granting of the final judgment of divorce, thereafter, in favor of the husband, in such a case, does not depend upon any question or (sic) fault on the part of either the husband or wife, but is founded entirely upon the absolute right of either of the spouses to obtain the divorce on the proof merely that there has been no reconciliation during the probation period allowed by the statute." (Emphasis supplied.)
The rules and principles governing divorce, custody of children and alimony constitute a broad, comprehensive field of law and are predicated upon considerations of public policy, the needs of individual families as related not only to each individual family unit but also to society as a whole and the welfare and best interests of any minor children who may be affected. For obvious reasons, rules governing such vital phases of society should not be predicated upon the accidental turn of events such as the relative alacrity with which estranged parties may prepare and institute their respective suits for divorce.
We are aware that in the recent case of Moreau v. Moreau, La.App., 142 So.2d 423, our brothers of the Third Circuit held that where a wife obtains final divorce on the ground of two years voluntary separation she need not establish her freedom from fault as a condition precedent to permanent alimony. Despite this pronouncement, the court therein went on to consider the husband's counter action for divorce on the same grounds as in the nature of a reconventional demand. The decision further found as a matter of fact that plaintiff wife was without fault. On the basis of this finding we are in agreement with the decision. For the reasons hereinabove set forth we are not, however, in agreement with the apparent conclusion that plaintiff therein was entitled to alimony irrespective of fault.
We conclude, therefore, the evidence taken in the prior proceedings was properly admitted herein on the question of plaintiff's alleged fault insofar as her fault related to her right to alimony upon final divorce.
Defendant readily concedes plaintiff is in necessitous circumstances except for the alimony pendente lite awarded plaintiff by the trial court and defendant's voluntary supplementation thereof. Consequently, as respects the issue of alimony, the only question before us is plaintiff's alleged fault. On this latter point plaintiff contends, of course, that she is totally without fault and alternatively, that the parties were guilty of mutual fault and plaintiff is nevertheless entitled to alimony. Defendant maintains that plaintiff was solely at fault and that the trial court properly rejected her claim for permanent alimony. Alternatively, defendant maintains that there was mutual fault which circumstance bars plaintiff's right to alimony.
This case was tried in Chambers in the Family Court for the Parish of East Baton Rouge, as permitted by Article 7, Section 53, subd. I, of the Constitution of this State, LSA. Accordingly, upon the written motion of the Appellee, Victor A. Sachse, III (the Appellant, Elisabeth Fineberg Sachse, having had notice of said motion and having offered no objection thereto), those portions of this opinion wherein this Court has reviewed the testimony which was adduced in the trial court will not be published in the reports of this decision.
It is to be further noted that in the unpublished portions of this opinion we cited with approval the case of Cormier v. Cormier, 193 La. 158, 190 So. 365, and commented on the case of Ane v. Ane, 220 La. 345, 56 So.2d 570.
Predicated upon the record, we conclude, as did the learned judge below, that the parties were, for all practical purposes, guilty of mutual fault.
Regarding plaintiff's claim for permanent alimony we note that Article 160, LSA-R. C.C., hereinbefore set forth in full, has been *779 interpreted to mean that the allowance of permanent alimony, as well as the amount to be allowed (provided the amount does not exceed one-third of the husband's income), rests in the sound discretion of the trial court. Jones v. Jones, 200 La. 911, 9 So.2d 227.
In this connection we cite with approval the following language appearing in Abbott v. Abbott, 199 La. 65, 5 So.2d 504:
"Under the provisions of Article 160 of the Civil Code, it was within the discretion of the trial judge to grant or to deny the alimony claimed by plaintiff. The discretion referred to in the codal article means sound discretion, to be exercised by the trial judge, not arbitrarily or wilfully, but with regard to what is just and proper under the facts of the case."
In the leading case of Felger v. Doty, 217 La. 365, 46 So.2d 300, fault was held to connote misconduct of a serious nature. In this connection the following language appearing in the Felger case, supra, has been cited on several occasions and we cite it here with approval:
"* * * But the word `fault', as employed in the quoted codal provision, does not mean merely the wife's engaging in quarrels more or less of a trivial nature; for, as said in Armstrong v. Whalen, 161 La. 613, 109 So. 140, such experiences, which momentarily jar and disturb the peace and harmony of matrimony, are not unusual or exceptional as between a husband and his wife. Rather, the word `fault' as so used contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce."
In the instant case learned counsel for defendant maintains that since the esteemed trial court found plaintiff guilty of mutual fault alimony should be denied in the present matter.
Hawthorne v. Hawthorne, 214 La. 905, 39 So.2d 338, cited and relied upon by counsel for defendant is authority for the principle that where a wife is found to be of equal fault a judgment denying her permanent alimony will not be disturbed upon appeal.
On the other hand, counsel for plaintiff cites Franks v. Franks, 236 La. 122, 107 So.2d 415, as holding that a wife, though guilty of mutual fault is, nevertheless, entitled to permanent alimony if in necessitous circumstances. While at first blush the Franks case might appear to be authority for the unqualified proposition that mutual fault will not disqualify the wife from eligibility for permanent alimony, a careful analysis thereof, viewed in the light of the applicable statute and related jurisprudence, does not support the conclusion that said case so holds. It is significant that in the Franks case, supra, the wife, though found to be mutually at fault, was nevertheless, in the exercise of the trial judge's discretion, granted alimony. Affirmation of the award by the Supreme Court was in essence, merely a ruling to the effect that, under the circumstances shown, the trial judge had not abused the discretion with which he is invested in such matters. The same may be said of the Hawthorne case, supra, wherein the action of the trial judge in refusing alimony to a wife found to be at fault was held not to constitute an abuse of his discretion under the circumstances therein revealed. While some of the decisions treating of the subject matter refer to the "right" of the wife without fault to permanent alimony, it appears clear to us that the jurisprudence, as a whole, indicates, in line with Article 160, LSA-R. C.C. that the "right" to such alimony lies within the sound discretion of the trial judge and that his exercise of such discretion will not be set aside unless shown to have been arbitrary under the circumstances.
*780 In the instant case not only did the esteemed trial judge find plaintiff guilty of mutual fault (in which conclusion we concur) but also the record establishes that defendant is presently supporting plaintiff rather generously. Under such circumstances we cannot conclude that the trial judge abused the discretion vested in him and arbitrarily rejected plaintiff's claim for alimony.
We approach the issue of custody of the child bearing in mind certain well established and often reiterated applicable rules of law. In cases involving the custody of children the court is primarily concerned with the welfare and best interest of the children. Kieffer v. Heriard, 221 La. 151, 58 So.2d 836. It is to the welfare and best interest of young children that the mother be awarded their custody unless she is shown to be morally unfit or otherwise unsuitable. Drouin v. Hildenbrand, 235 La. 810, 105 So.2d 532.
We believe that the clear preponderance of evidence is to the effect that plaintiff has always been a devoted, loving mother ever attentive to the physical needs of her child. In our judgment the learned trial court properly awarded custody of the child, Victor Edward Sachse, to his mother, plaintiff herein.
There remains for consideration the alleged error of the trial court in prohibiting plaintiff from removing the child from the jurisdiction of the court.
We quote the controversial part of the lower court's judgment in full as follows:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff is hereby authorized to remove said child from the jurisdiction of this Court for intervals of as much as ninety-six hours duration once in any three-month period and for an additional interval of two weeks each year during the period from April 15 to November 15 and Defendant is hereby authorized to remove said child from the jurisdiction of the Court for and during the weekend visitations and the one week visitation of the child with the Defendant hereinabove fixed, provided however, that whenever either parent removes the child from the jurisdiction of the Court, the other parent shall be kept informed of the whereabouts of the child and provided further that, except as herein signified, said child shall not be removed from the jurisdiction of this Court by either party without the authorization of the Court granted contradictorily."
The issue presented is not only res nova in this state but a matter of grave and far reaching importance.
Learned counsel for defendant has cited for our consideration cases from other jurisdictions wherein it is recognized that a court, awarding custody of a child to a parent incident to suit for separation or divorce, may prohibit such parent from removing the child from the jurisdiction of the court without prior consent of the court. More precisely, esteemed counsel for defendant alludes to the cases cited in Volume 154, ALR, Divorce, Page 552, and Volume 27B C.J.S. Verbo, Divorce § 313, Page 483. Volume 27B C.J.S. Divorce § 313, Page 483 we observe the following:
"§ 313. Removal of Children from Jurisdiction
"Since the jurisdiction of the trial court over the persons of parties to a divorce action gives it the power to control their actions with respect to the jurisdiction their children are to be kept in, the court may direct that the parent to whom the custody is awarded shall not, without its permission, remove the children from the jurisdiction of the court, and it may decree that the right to custody shall continue only while the parent remains within the state. It has also been held, however, that the court, in the absence of a finding that the removal *781 of the children would prejudice their rights or welfare, has no right to prohibit the parent having custody from removing them from the state.
"As a general rule, it is against the policy of the law to permit the removal of the child from the jurisdiction unless its welfare would be better subserved thereby, and ordinarily custody should not be awarded to a nonresident or to one contemplating immediate removal from the state. It has been held, however, that whether or not removal of a child from the jurisdiction should be allowed, or whether the custody of a child shall be awarded a nonresident parent, rests within the broad judicial discretion of the court; and in all such matters the welfare of the child is the controlling consideration."
Counsel for plaintiff cites from our own jurisprudence Wheeler v. Wheeler, 184 La. 689, 167 So. 191, as authority for the principle that a spouse having custody of a child is at liberty to remove the child from the state at will. Despite some language appearing in the Wheeler case, supra, we do not share the interpretation placed upon said decision by astute counsel for plaintiff. The Wheeler case held that a wife is entitled to writs to review a judgment on a rule on the issue of custody where appeal does not afford an adequate remedy. In the Wheeler case the Court found that the husband having legal custody had permanently left the state and that it was within his power to remove the child from the trial court's jurisdiction pending appeal from the judgment awarding custody to the father. Despite having used language implying the unqualified right of the father to remove the child from the state, at the end of the same paragraph the court stated:
"* * * In short, where it is left in the discretion of one of the litigants to decide whether or not the appeal will be adequate and where he is at liberty to pursue a certain course of conduct, which might result in a great injustice to the other litigant, before his rights are determined, it is clear that the remedy by appeal is inadequate and presents a case where this court should exercise its supervisory jurisdiction."
The court then remanded the case to the trial court to hear the rule which the lower court had declined to entertain on the ground that it no longer possessed jurisdiction in the matter.
Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321, relied upon heavily by able counsel for defendant does not support the principle that in custody proceedings courts enjoy discretion to prohibit removal of a child from its jurisdiction. Our examination of the cited decision reveals that it is merely authority for the rule that upon application by a spouse having custody under judgment prohibiting removal of child from the court's jurisdiction without consent of that court, if the best interests and welfare of the child will be served thereby, permission will be granted for removal of the child from the jurisdiction of the courts of this state. The propriety of the aforesaid restriction was not therein contested by the party to whom restricted custody was granted.
The recent decision of Carlson v. Carlson, La.App., 140 So.2d 801, simply recognizes the general rule that custody is determined in the light of the best interest and welfare of the child including such facets of the problem as permitting removal of the children from the jurisdiction of the court. In the Carlson case the court held that even though the mother intended to remove the children from the state, such circumstance did not deprive her of her right to custody.
It appears, therefore, that, quoad the jurisprudence of this state, the propriety of imposing a restriction against removal of a child from the jurisdiction of the court granting custody without prior approval and consent of the court is before us as a matter of first impression.
*782 After careful consideration of this most important and far reaching question, we conclude that the hereinabove cited majority view regarding this issue appears well founded. Moreover, it is thoroughly consistent with our own jurisprudence to the effect that in custody cases the primary concern of the court is with the best interest and welfare of the child involved.
The cases in which such restrictions have been sanctioned turn on the finding that the discretion thus exercised by the trial court is justified by a showing that such action is taken in the best interest of the child concerned.
In the instant case the record reveals that since the separation of these spouses, plaintiff has been granted full use and occupancy of the family residence, the payments thereon being maintained by defendant. It further appears that since the separation defendant has otherwise made adequate financial arrangements for plaintiff's support and the care, operation and maintenance of the home which plaintiff occupies. Plaintiff's mother is shown by the record to have moved permanently to Baton Rouge where she has accepted employment. She resides in the home with plaintiff and the child and assists plaintiff in the care and rearing of the young boy. Defendant is engaged in the practice of law in Baton Rouge where he resides with his family and his right of visitation would to some extent be hampered if plaintiff were to remove the child from the jurisdiction of the court. We do not wish to be understood as holding that the restriction imposed means that plaintiff may never remove the child from the jurisdiction of the lower court. We merely hold that under the circumstances existing herein we find that the esteemed trial judge did not abuse the discretion invested in him in imposing the restriction in the first place. We wish it equally well understood that if, for good reason, plaintiff should desire to remove from the court's jurisdiction, she is free to apply to the trial court for permission to do so. Upon such application, it then becomes the duty of the trial court to grant or withhold such permission depending upon wherein lies the best interest and welfare of the child.
For the reasons hereinabove set forth, the judgment of the learned trial court is affirmed. All costs of this appeal as well as costs incurred in the trial court are to be paid by defendant, Victor A. Sachse, III.
Affirmed.