ELLIS, Judge.
Defendant Mary Ella Brown Carter is appealing to this court from that part of a judgment of divorce rendered in favor of her former husband, plaintiff Travis Carter, finding that she was not entitled to alimony because she was not without fault in the separation and not in necessitous circumstances.
The parties were married in 1966, and separated on October 21, 1968. This suit was originally instituted for a separation from bed and board based on the ground of living separate and apart for more than one year. Subsequently, plaintiff amended *164 his petition to ask for a final divorce on the ground of living separate and apart for more than two years. The divorce was granted to him on that ground, and the validity of that part of the judgment is not at issue herein.
The defendant does, however, vigorously contest the finding of fact by the trial court that she was not without fault in the separation and that she is not in necessitous circumstances, and therefore not entitled to alimony under the provisions of Art. 160 of the Civil Code.
The record is devoid of any evidence to show that the plaintiff was in any way at fault in the separation. On the other hand, the testimony in the record shows that the defendant had a violent temper and that she abused plaintiff verbally on several occasions per week, generally on the subject of the behavior of his four minor children by a former marriage, who were, from time to time, residents in the family home. The record shows that the family home was owned by Mrs. Carter and. formed no part of the community of acquets and gains between the parties hereto. It is not disputed that she forbade the use of certain areas thereof to the plaintiff’s children by posting signs around the house. It is further shown that she would label certain items in the icebox and the icebox itself as off limits to plaintiff’s children. The record further shows that she verbally castigated the plaintiff’s children, that she slapped one of his daughters in the face because of the manner in which she was ironing a pair of pants, and that she beat plaintiff’s seven year old son on a number of occasions.
It appears from the record that her quarrels with the plaintiff were one sided on her part, and that they were constant over the entire period of their married life.
Article 160 of the Civil Code provides as follows:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
“1. The wife obtains a divorce;
“2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
“3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
“This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.”
In interpreting the meaning of the word “fault” as used in Article 160, the Supreme Court said, in Felger v. Doty, 217 La. 365, 46 So.2d 300 (1950):
“But the word ‘fault’, as employed in the quoted codal provision, does not mean merely the wife’s engaging in quarrels more or less of a trivial nature; for, as said in Armstrong v. Whalen, 161 La. 613, 109 So. 140, such experiences, which mementarily jar and disturb the peace and harmony of matrimony, are not unusual or exceptional as between a husband and his wife. Rather, the word ‘fault’ as so used contemplates conduct or substantial acts of commission or omission on the part of the wife, viola-tive of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart, the ground for the divorce.”
We have no difficulty in concluding, as did the trial judge, that the conduct of the *165 defendant was of such a nature as to constitute fault on her part, as hereinabove defined. We note that she was on more than one occasion so abusive as to drive plaintiff to tears. The record reveals no retaliation on his part whatsoever.
Since we have found the defendant to be at fault in the separation, we need not consider plaintiff’s claim that she is not in necessitous circumstances.
Plaintiff has answered the appeal asking for damages for a frivolous appeal. In Parker v. Interstate Life & Accident Insurance Co., 248 La. 449, 179 So.2d 634 (1965), the court said:
“Article 2164 of the Code of Civil Procedure provides that damages may be awarded for frivolous appeal. But, as stated in Lanza Enterprises, Inc. v. Continental Insurance Co., La.App., Third Circuit (cert. denied), 129 So.2d 91, the language of the Article does not have the effect of changing the prior jurisprudence to the effect that damages for frivolous appeal are not allowable unless it is obvious that the appeal was taken solely for delay or that counsel is not sincere in the view of the law he advocates even though the court is of the opinion that such view is not meritorious.

“Accordingly, when counsel proclaims his sincerity, a court finds itself without just cause to disbelieve unless, and only unless, the proposition advocated is so ridiculous or so opposed to rational thinking that it is evidence beyond any doubt that it is being deliberately professed for ulterior purposes.”
In the light of the foregoing, we do not find that the appeal taken herein to be frivolous.
The judgment appealed from is affirmed, at defendant’s cost.
Affirmed.